## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **MARJORIE PHILLIPS** | : | |
| | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action:** _____ |
| | : | |
| | : | **COMPLAINT** |
| **v.** | : | **AND JURY DEMAND** |
| | : | |
| **THE FASHION INSTITUTE OF** | : | |
| **TECHNOLOGY,** | : | |
| **MARY DAVIS and** | : | |
| **MARILYN BARTON** | : | |
| | : | |
| | : | |
| | : | |
| **Defendants.** | : | |

Marjorie Phillips, by her attorney, Midwin Charles & Associates LLC, as and for her Complaint and Jury Demand, brings this cause of action against The Fashion Institute of Technology (FIT), Plaintiff's current employer, Mary Davis, Dean of School of Graduate Studies at FIT, and Marilyn Barton, an administrative assistant at FIT, alleging discrimination on the basis of her race in violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, and in violation of New York State law and the Administrative Code of the City of New York.  Plaintiff further seeks redress for injuries suffered as a result of Defendants' retaliation against her for complaining about the unlawful discrimination practices of Defendants.

## I.   JURISDICTION AND VENUE

1.      This Court has jurisdiction over the subject matter of the instant Complaint pursuant to 28 U.S.C. § 1331 because the Plaintiff brings an action arising under the laws of the United States.  The Court has jurisdiction over Plaintiff's claims arising under State and local laws pursuant to 28 U.S.C. § 1367, because they arise from the same set of facts forming the basis of Plaintiff's federal claims.

2.      Venue is proper in this District pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. § 1391 because the unlawful discriminatory practices were committed and the employment records were maintained, in whole or in part, at FIT, located at 227 West 27th Street, New York, New York, which is in this District.

## II.   PARTIES

3.      At all times relevant hereto, Plaintiff, Marjorie Phillips, ("Plaintiff" or "Phillips') was a citizen of the State of New York, residing at 4 East 107 Street, Apt 14G, New York, New York 10029 and employed by FIT.

4.      At all times relevant hereto, Defendant FIT is a public college in Manhattan, a part of the State University New York system and employed Plaintiff.

5.      At all times relevant hereto, Defendant Mary Davis was and continues to be employed by FIT.

6.      Defendant Mary Davis is the Dean of the School of Graduate Studies at FIT.

7.      At all times relevant hereto, Defendant Marilyn Barton was and continues to be employed by FIT.

8.      Defendant Marilyn Barton is an administrative assistant to Defendant Davis at FIT.

## III.    ADMINISTRATIVE REMEDIES

9.      Plaintiff has exhausted all administrative remedies.  Plaintiff timely filed a formal complaint with the Equal Employment Opportunity Commission (EEOC) on August 12, 2019.  The EEOC has issued a right to sue letter, dated October 11, 2019 and Plaintiff files her cause of action within 90 days.

## IV.    FACTS

### A.    <u>Background</u>

10.     The Plaintiff is an African American woman.

11.     Plaintiff has worked for over twenty-three years at FIT.  She began work as a temporary employee in the Human Resources Payroll Department in 1995 and over the years, has worked as an administrative assistant in the Fashion Design, Liberal Arts, and the School of Continuing and Professional Studies/Graduate Studies Departments.

12.     Plaintiff has worked in the Graduate Studies Department for the past twelve years.  Plaintiff's role and responsibilities there are to act as the Program Assistant for the Fashion and Textile Studies program, assist the Fashion and Textile students, assist the Dean, work with the Office of the Registrar, plan and coordinate events and special projects, and create and maintain a the Graduate Studies Event Calendar.

13.     Plaintiff has never been disciplined and never received an unfavorable performance evaluation.

14.     Defendant Mary Davis is a white woman.  She is Dean of Graduate Studies at FIT.  Plaintiff reports directly to Defendant Davis.  Defendant Davis also supervises Plaintiff's work.

15.     Defendant Marilyn Barton is a white woman.  She is an administrative assistant at FIT in the Graduate Studies Department.  Defendant Barton has worked directly with Plaintiff for seven years, in a shared space.

**B.     Examples of the Hostile Work Environment and Racial Discrimination**

16.     In the fall of 2014 Plaintiff observed Brenda Cowan, a white woman, and former Chair of Exhibition & Design gossiping with Umilta Allsop, Ms. Cowan's Program Assistant.  Plaintiff told Brenda it was rude and unprofessional to gossip.  Ms. Cowan laughed and invited Plaintiff to join the conversation and said *"come and join us at the back of the bus."*  Plaintiff responded that given the United States history of segregation on the basis of race, her comment was racist.

17.     In the fall of 2016, Plaintiff observed Defendant Barton tell a young white student aide that *"African Americans are three-fifths of a human being."*  Plaintiff was shocked to hear this and astounded that such an opinion of African Americans would be rendered by a co-worker to a young, impressionable student at FIT.

18.     In 2017, Kyle Farmer, a white man and Chairperson of the Fashion Department at FIT was coming out of Defendant Davis' office and observed Plaintiff putting on her coat.  He told her *"you look like you are going to the hood."*  Defendant Davis was present and said nothing.  Plaintiff met with Defendant Davis the next day and told her that Mr. Farmer's comment was racist.  Plaintiff asked

4

Defendant Davis why would Mr. Farmer say something like that to her.  Defendant Davis replied that she "*did not know*" that.  Plaintiff later spoke with Mr. Farmer about his comment and he apologized.

19.     In 2017, Plaintiff and Defendant Davis discussed an upgrade in salary, title, and job description for Plaintiff.  Defendant Davis asked Plaintiff to find a new title for the new position.  Plaintiff consulted with Human Resources for a new title. Plaintiff never heard back from Defendant Davis about the upgrade.

20.     In March of 2018, Plaintiff informed Defendant Davis of Ms. Cowan, Defendant Barton and Mr. Farmer's racist comments.  Defendant Davis responded that Defendant Barton was correct in that historically, African Americans were considered three-fifths of a human being.  She then suggested Plaintiff speak with the appropriate offices within FIT to file a formal complaint.

21.     In April of 2018, Plaintiff filed an internal affirmative action complaint against Defendant Davis, Brenda Cowan, Defendant Barton, and Kyle Farmer, in which she alleged that they made racist comments which caused FIT to be a hostile working environment and as a result, put her safety at risk.

22.     Plaintiff called Deliwe Kekana at FIT Human Resources after she filed her affirmative action complaint to ask whether her complaint would have any impact on the upgrade she had discussed with Defendant Davis had discussed.  Ms. Kekana told Plaintiff to speak with Defendant Davis about it.  Plaintiff never heard back from Defendant Davis about the upgrade and she did not receive one.

23.     Upon information and belief, Defendant Barton received an upgrade in 2019.

24.      As of May 16, 2019, FIT did not provide Plaintiff with a response to her affirmative action complaint within a year of its filing.

**C.      Plaintiff is Verbally & Physically Assaulted by Defendant Barton While at Work in Retaliation for Filing An Affirmative Action Complaint.**

25.      On May 16, 2019 – while still awaiting the outcome of her affirmative action complaint – Plaintiff and Defendant Barton were discussing a work issue. Defendant Barton began to get agitated and raised her voice at Plaintiff. Defendant Barton then got up from her chair, walked over to Plaintiff's desk and said "***fuck you; I'm tired of your shit; shut the fuck up; I will fucking kill you!***" Defendant Barton repeated this over and over again. Defendant Barton at this point was in Plaintiff's face and was foaming at the mouth. Defendant Barton then pushed Plaintiff in the chest. Plaintiff stood up to defend herself and told Defendant Barton to calm down at which point Defendant Barton screamed again "***I will fucking kill you; shut the fuck up; I don't care what you think***". Defendant Barton then walked away.

26.      Plaintiff was in complete fear for her life. She informed Defendant Davis of the incident and filed a complaint with FIT Public Safety. She also filed a police report at New York Police Department (NYPD).

27.      On May 29, 2019, Defendant Davis sent an email to everyone in the department in which she stated that "an incident involving staff members in the SCS office on the morning of May 16 has resulted in an investigation related to workplace safety."

28.     In June of 2019, Isolina Perez, Union Representative of United College Employees of FIT, told Ms. Allsop that Defendant Davis has friends in high places.

29.     It is clear from the facts that Plaintiff was discriminated against because of her race by FIT and Defendants Davis and Barton. They all created a hostile work environment for Plaintiff because of her race.

30.     FIT and Defendant Davis failed to address Plaintiff's 2018 affirmative action complaint in a timely fashion and thereby allowed the conditions for Defendant Barton's brutal verbal and physical assault on Plaintiff.

31.     Due to the actions of FIT and Defendants Davis and Barton, including Defendant Barton's verbal and physical attack on Plaintiff, Plaintiff now suffers from post-traumatic stress disorder with anxiety and receives regular treatment from a psychotherapist. She is also afraid that she may encounter Defendant Barton at work.

32.     The lack of action on the part of FIT and Defendant Davis created a work environment that made it possible for Defendant Barton to verbally and physically attack Plaintiff.

**D.     <u>Retaliatory Actions Taken by All Defendants</u>**

33.     Following Defendant Barton's verbal and physical attack on Plaintiff, Defendant Barton was not terminated and upon information and belief, Defendant Barton was not disciplined for her conduct.

34.     Plaintiff did not return to FIT from May 17-24, 2019 in fear of what might happen if she saw Defendant Barton again. Human Resources at FIT assured Plaintiff that she would not be in the same physical space with Defendant Barton.

Plaintiff and Defendant Barton took consecutive vacations. Upon return from vacation, Plaintiff requested a formal leave of absence due to stress, emotional distress and fear caused by Defendant Barton's actions.

35.    FIT did not give the impression that they took the matter seriously. FIT asked Plaintiff to "mediate" the matter. The request initially indicated Plaintiff would engage in joint mediation with Defendant Barton. In the spirit of cooperation and in effort to mitigate her damages, Plaintiff agreed to the mediation. Plaintiff participated in mediation with Dr. Kirkland Vaughans on November 12, 14, and 21, 2019. No one else was present during any of the sessions. FIT labeled the mediation as "resolution" and "conflict management."

36.    Upon Plaintiff's return to work, Cynthia Glass from FIT Human Resources informed Plaintiff that she would be moved to a different building, located at 236 West 27th Street, and that would be her new work location. The moved inconvenienced Plaintiff.

37.    Defendant moved Plaintiff to a location where she is the only employee without an office. Initially, Defendant Davis suggested Plaintiff sit at the front entrance and saw Plaintiff "managing the space." This location would lead passersby to assume Plaintiff was a receptionist. Plaintiff's work location is not commensurate with her position and years of service. Plaintiff's desk is now in a back corner.

38.    Plaintiff told Defendant Davis that she felt as though she were being punished for filing an affirmative action complaint and reporting Defendant Barton's

verbal and physical assault.  Defendant Davis replied that it was up to Human Resources what her job description would be.

39.     Natasha Unelus from FIT Human Resources told Plaintiff that it was up to Defendant Davis to determine Plaintiff's job description.

40.     Plaintiff had expressed her concern that she believed she was being punished by being moved to a new location where she would be a de facto receptionist in an email to Defendant Davis dated November 8, 2019.

41.     The move made Plaintiff feel embarrassed and ashamed that she was moved.  Further, Plaintiff's co-workers have speculated as to what happened and Plaintiff is concerned that her co-worker's might believe she was the aggressor in the "incident" and was being punished by being moved.

42.     Plaintiff's co-workers are now awkward and standoffish towards her and Plaintiff feels ostracized.

43.     Plaintiff asked Defendant Davis whether she ever considered moving Defendant Barton to which Defendant Davis replied no and it was "not a viable option."

44.     During the week of November 12, 2019, Stepen Kanlian, Chairperson of Cosmetics & Fragrance, told Plaintiff that Jack Oliva, Vice President of Academic Affairs, "loves" Defendant Davis so much that "she could go on the corner and shoot someone and he would defend her".

**E.     Clear Racial Discrimination**

45.     Plaintiff was discriminated against because of her race by Defendants. In addition, it is clear that Defendants created a hostile work environment for

Plaintiff because of her race. FIT and Defendant Davis failed to address this discrimination when they allowed Defendant Barton's conduct towards Plaintiff to continue. The lack of action by FIT and Defendant Davis created the environment that led to the physical assault against Plaintiff by Defendant Barton. Defendants have failed to promptly investigate any of Plaintiff's complaints of discrimination or retaliatory harassment/retaliation and have failed to promptly prevent and correct the harassment.

## V.   CLAIMS

### COUNT I – IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991 FOR RACE DISCRIMINATION AND HARASSMENT
### (AS AGAINST FIT)

46.    Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

47.    Defendants treated Plaintiff less favorably than similarly situated white employees in the terms and conditions of Plaintiff's employment. Defendants' treatment of Plaintiff negatively and adversely impacted her employment.

48.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages. Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

### COUNT II – IN VIOLATION OF 42 U.S.C. § 1981 FOR RACE DISCRIMINATION AND HARASSMENT
### (AS AGAINST ALL DEFENDANTS)

49.    Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

50.     Defendants treated Plaintiff less favorably than similarly situated white employees in the terms and conditions of Plaintiff's employment.  Defendants' treatment of Plaintiff negatively and adversely impacted her employment.

51.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT III – IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991 FOR HOSTILE WORK ENVIRONMENT**
**(AS AGAINST FIT)**

52.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

53.     Defendants subjected Plaintiff to a hostile work environment based on her race.  The conditions and conduct that Plaintiff was subjected to were objectively and subjectively hostile and substantially and adversely impacted the terms and condition of Plaintiff's employment.  Plaintiff complained about the hostile environment to management and Defendants/management failed to promptly prevent and correct the hostile, racially discriminatory conduct.

54.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT IV – IN VIOLATION OF 42 U.S.C. § 1981 FOR HOSTILE WORK ENVIRONMENT**
**(AS AGAINST ALL DEFENDANTS)**

55.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

56.     Defendants subjected Plaintiff to a hostile work environment based on her race.  The conditions and conduct that Plaintiff was subjected to were objectively and subjectively hostile and substantially and adversely impacted the terms and condition of Plaintiff's employment.  Plaintiff complained about the hostile environment to management and Defendants/management failed to promptly prevent and correct the hostile, racially discriminatory conduct.

57.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## COUNT V – IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991 FOR RETALIATION (AS AGAINST FIT)

58.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

59.     Defendant Davis was aware that Plaintiff engaged in a protected activity by filing an affirmative action complaint against her and reporting Defendant Barton's verbal and physical assault against Plaintiff.  In retaliation, Defendants engaged in conduct that would have dissuaded a reasonable employee from engaging in protected activity or seeking to enforce his/her rights.

60.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary

losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## COUNT VI – IN VIOLATION OF AND 42 U.S.C. § 1981 FOR RETALIATION (AS AGAINST ALL DEFENDANTS)

61.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

62.     Defendant Davis was aware that Plaintiff engaged in a protected activity by filing an affirmative action complaint against her and reporting Defendant Barton's verbal and physical assault against Plaintiff.  In retaliation, Defendants engaged in conduct that would have dissuaded a reasonable employee from engaging in protected activity or seeking to enforce his/her rights.

63.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## COUNT VII – IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AS AMENDED BY THE CIVIL RIGHTS ACT OF 1991 FOR DISPARATE TREATMENT (AS AGAINST FIT)

64.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

65.     Defendant FIT treated Plaintiff less favorably because of her race in that they ceased discussions regarding her employee upgrade after she filed her affirmative action complaint.  Defendant FIT gave an employee upgrade to Defendant Barton in 2019.

66.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

### COUNT VIII - HIRING, TRAINING, RETENTION AND SUPERVISION (AS AGAINST DEFENDANT FIT AND DEFENDANT DAVIS)

67.    Plaintiff incorporates and re-alleges paragraphs 1 through 45 as is fully set forth here and further alleges as follows:

68.    As a result of Plaintiff's complaints, Defendant knew or should have known by the exercise of diligence and reasonable care of the racially based hostile work environment and discrimination perpetuated by Defendants' management employees.  Defendant failed to properly select, train and supervise its managers such that incidents of harassment are properly investigated and promptly prevented and/or corrected.

69.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

### COUNT IX - INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)

70.    Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if fully set forth herein and further alleges as follows:

71.    Defendants' conduct was outrageous and intolerable.  Defendants, at many times, acted with the specific intent to inflict emotional distress on Plaintiff.

Indeed, the conduct inflicted such emotional distress on Plaintiff that she was unable to work for a significant period of time and the conduct has caused her to suffer emotional anguish, stress and traumatic stress disorder.

72.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT X – ASSAULT**
**(AS AGAINST DEFENDANT BARTON)**

73.    Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if fully set forth herein and further alleges as follows:

74.    Defendant's conduct was outrageous and intolerable and caused Plaintiff to suffer emotional distress, fear, and embarrassment.  Defendant acted with the specific intent to inflict verbal and physical harm on Plaintiff.

75.    As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT XI – VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW § 296 (7),**
**FOR RETALIATION**
**(AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)**

76.    Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if fully set forth herein and further alleges as follows:

77.     New York State Executive Law § 296 (7) provides that "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

78.     Plaintiff filed a complaint within the meaning of New York State Executive Law.  Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against Plaintiff because of her opposition to the unlawful employment practices of Defendants.

79.     The practices complained of were intentional and were done with malice or reckless indifference to Plaintiff's protected rights.

80.     As a direct and proximate result of Defendants' conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief and compensatory damages to make her whole in addition to attorney fees and costs.

## COUNT XII – VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW § 296 (6), FOR AIDING AND ABETTING DISCRIMINATION (AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)

81.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if fully set forth herein and further alleges as follows:

82.     New York State Executive Law § 296 (6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

16

83.     Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296 (6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

84.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT XIII – VIOLATION OF THE NEW YORK STATE EXECUTIVE LAW § 296 (6),
FOR AIDING AND ABETTING RETALIATION
(AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)**

85.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if fully set forth herein and further alleges as follows:

86.     New York State Executive Law § 296 (6) provides that it shall be an unlawful discriminatory practice: "For any person to aid, abet, incite, compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

87.     Each of the Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296 (6) by aiding, abetting, inciting, compelling and coercing the retaliatory conduct.

88.     As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

**COUNT XIIII – VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE §
8-107(1), FOR DISCRIMINATION
(AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)**

89.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if
fully set forth herein and further alleges as follows:

90.     The Administrative Code of the City of New York § 8-107(1) provides
that it is an unlawful discriminatory practice for "an employer or an employee or
agent thereof, because of the actual or perceived . . . . race . . . color . . .of any person,
to refuse to hire or employ or to bar or to discharge from employment such person
or to discriminate against such person in . . .terms, conditions, or privileges of
employment."

91.     Defendants engaged in an unlawful discriminatory practice in
violation of New York City Administrative Code by actually and constructively
creating discriminatory conditions of employment.

92.     As a direct and proximate result of Defendants' discriminatory
conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary
losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief,
and compensatory and punitive damages to make her whole.

**COUNT XV – VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE § 8-
107(1)(e), FOR RETALIATION
(AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)**

93.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if
fully set forth herein and further alleges as follows:

94.     The Administrative Code of the City of New York § 8-107(1)(e)

provides that it shall be unlawful discriminatory practice for an employer to

discharge or otherwise discriminate against any person because such person has

opposed any practices forbidden under that Chapter.

95.     Each of the Defendants engaged in a discriminatory practice in

violation of the Administrative Code of the City of New York by discriminating

against the Plaintiff because of her opposition to the unlawful employment practices

of FIT, Defendant Davis, and Defendant Barton.

96.     As a direct and proximate result of Defendants' discriminatory

conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary

losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief,

and compensatory and punitive damages to make her whole.

**COUNT XVI – VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE § 8-107(6), FOR AIDING AND ABETTING DISCRIMINATION (AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)**

97.     Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if

fully set forth herein and further alleges as follows:

98.     New York City Administrative Code Title 8, § 8-107(6) provides that it

shall be an unlawful discriminatory practice for any person to "aid, abet, incite,

compel, or coerce the doing of any of the acts forbidden under this chapter, or

attempt to do so."

99.     Each of the Defendants engaged in an unlawful discriminatory

practice in violation of the New York City Administrative Code by aiding, abetting,

inciting, compelling and coercing the above unlawful, discriminatory and retaliatory conduct.

100.   As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## COUNT XVII – VIOLATION OF THE NEW YORK CITY ADMINISTRATIVE CODE § 8-107(19), FOR INTERFERENCE WITH PROTECTED RIGHTS (AS AGAINST DEFENDANT DAVIS AND DEFENDANT BARTON)

101.   Plaintiff incorporates and re-alleges paragraphs 1 through 45 as if fully set forth herein and further alleges as follows:

102.   Under the New York City Administrative Code Title 8, Section 8-107(19), it is an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of any right granted or protected pursuant to that Section.

103.   Each of the Defendants violated Plaintiff's rights under Section 8-107(19), as set forth above.

104.   As a direct and proximate result of Defendants' discriminatory conduct, Plaintiff suffered and will continue to suffer irreparable harm, pecuniary losses and other damages.  Plaintiff is entitled to declaratory relief, injunctive relief, and compensatory and punitive damages to make her whole.

## IV.   JURY DEMAND

105.   The Plaintiff demands a jury trial in this action.

**WHEREFORE**, the Plaintiff demands judgment as follows:

a)      Declaring that the actions, patterns and practices of Defendants, their agents, servants and all those acting in concert with them, constituted, and does constitute, a violation of Title VII of the Civil Rights Act of 1964 as amended by the Civil Rights Act of 1991 and 42 U.S.C. § 1981; and all applicable rules and regulations, and common law principals.

b)      Awarding damages for economic and emotional injuries as well as interest, costs, disbursements, common law, statutory, compensatory, exemplary and punitive damages, pre-judgment interest, pecuniary and non-pecuniary damages and such other and further relief as to this Court deems just and proper; and

c)      Awarding counsel fees, costs and disbursements of this action.

Together with such other and further equitable relief which as to this Court may deem just and proper.

Dated: January 9, 2020
   New York, New York

       /s/ Midwin Charles (MC 5399)
       Attorney for Plaintiff
       Midwin Charles & Associates LLC
       3 Columbus Circle
       15th Floor
       New York, New York 10169
       T:  212.520.6202
       F:  888.340.7505
       midwin@charleslawfirm.com