UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARJORIE PHILLIPS,

                Plaintiff,

      - against -

THE FASHION INSTITUTE OF TECHNOLOGY,
MARY DAVIS, and MARILYN BARTON,

                Defendants.

-----------------------------------------------------------------------X

Docket No. 20-cv-00221
(GBD)


**MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT
TO FED. R. CIV. P.  56 FOR SUMMARY JUDGMENT ON BEHALF
OF DEFENDANT MARY DAVIS**


SARETSKY KATZ & DRANOFF, L.L.P.
Attorneys for Defendant DAVIS
*Office and P.O. Address:*
565 Taxter Road, Suite 210
Elmsford, New York 10523
(212) 973-9797

*Of Counsel:*
    Eric Dranoff

## <u>TABLE OF CONTENTS</u>

<u>PAGE</u>

TABLE OF AUTHORITIES ........................................................................................... iii

PRELIMINARY STATEMENT ........................................................................................1

STATEMENT OF FACTS ................................................................................................2

ARGUMENT ....................................................................................................................3

POINT I

SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON
PLAINTIFF'S DISCRIMINATION CLAIM UNDER THE NEW YORK CITY HUMAN
RIGHTS LAW ("NYCHRL") ................................................................................. 3

**A.**  Summary Judgment Should be Granted in Favor of Davis on Plaintiff's NYCHRL
Discrimination Claim that is Based on Alleged Racist Comments By Davis Because Plaintiff
Conceded at her Deposition, and Documentary Evidence Shows, That Davis Never Made
any Discriminatory Comments to Plaintiff and  Plaintiff Was Unaware of Davis Ever
Making Discriminatory Comments to Others........................................................................4

**B.**  Summary Judgment Should be Granted in Favor of Davis on Plaintiff's NYCHRL
Discrimination Claim that is Based On Her Not Receiving a Promotion  .............................4

**C.**  Summary Judgment Should be Granted in Favor of Davis on Plaintiff's NYCHRL
Discrimination Claim that is Based on Davis's Alleged Failure to Timely Address a 2018
Internal Complaint that Allegedly Caused Barton to Assault Plaintiff More Than One Year
Later.......................................................................................................................................9

POINT II

SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON
PLAINTIFF'S RETALIATION CLAIMS UNDER THE NYSHRL AND NYCHRL .........10

POINT III

SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON
PLAINTIFF'S AIDING AND ABETTING CLAIMS UNDER THE NYSHRL AND
NYCHRL.................................................................................................................13

A.  There is No Aiding and Abetting Claim under the NYSHRL or NYCHRL Against Davis
to the Extent Plaintiff Seeks To Assert Aiding and Abetting in Reliance Upon the 2014
"Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017
"Going to the Hood" Comment ............................................................................................14

i

1.  There was no Participation by Davis in the 2014 "Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017 "Going to the Hood" Comment and There is No Community of Purpose to Support an Aiding and Abetting Claim ............14

2.  Under the NYCHRL The 2014 "Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017 "Going to the Hood" Comment, Singularly or in Combination Are not Actionable as an Aider and Abettor Claim Because They are Trivial and Petty Slights ................................................................................................15

3.  Under the NYSHRL The 2014 "Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017 "Going to the Hood" Comment, Singularly or in Combination Are Not Actionable As an Aider and Abettor Claim .................................17

B.  The Absence of a Promotion Does Not Support an Aiding and Abetting Claim Against Davis ............................................................................................................................18

C.  There is No Aiding and Abetting Claim Against Davis to the Extent Plaintiff Seeks To Assert an Aiding and Abetting Claim in Reliance upon Davis's Purported Failure to Timely Address a 2018 Internal Affirmative Action Complaint that Allegedly Caused Barton to Assault Plaintiff Over One Year Later .................................................................................18

POINT IV

    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S CLAIM UNDER THE NYCHRL, FOR INTERFERENCE WITH PROTECTED RIGHTS .......................................................................................................20

POINT V

    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINITFF'S SECTION 1981 DISCRIMINATION AND RETALIATION CLAIMS ......21

POINT VI

    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM .....21

POINT VII

    SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION CLAIM BECAUSE IT IS BARRED BY NEW YORK WORKERS' COMPENSATION LAW ...............................................................................23

CONCLUSION...............................................................................................................................24

## <u>TABLE OF AUTHORITIES</u>

**PAGES**

## <u>CASES</u>

*Alvarado v. Nordstrom, Inc.,*
    685 F. App'x 4 (2d Cir. 2017)..................................................................................3, 16

*Anderson,*
    850 F.Supp.2d 392 (S.D.N.Y. 2012) ...................................................................................5

*Arbouin v. Bob's Disc. Furniture, LLC,*
    2021 U.S. Dis. LEXIS 124119, at *27 (E.D.N.Y. June 30, 2021) .......................................23

*Barry v. Macy's, Inc.*
    No. 20-CV-10692 (CM), 2022 WL 1104847, at *12 (S.D.N.Y. Apr. 13, 2022) .................20

*Beattie v. Farnsworth Middle Sch.,*
    143 F.Supp.2d 220 (N.D.N.Y. 1998)..................................................................................19

*Benzinger v. Lukoil Pan Americas, LLC,*
    447 F.Supp.3d 9 (S.D.N.Y 2020) .......................................................................................11

*Bickerstaff v. Vassar College,*
    196 F.3d 435 (2d Cir.1999)(internal citation omitted) ........................................................12

*Brown v. Coach Stores, Inc.,*
    163 F.3d 706 (2d Cir.1998) ..................................................................................................5

*Burlington Northern & Santa Fe Railway v. White*
    548 U.S. 53 (2006)...............................................................................................................11

*Burrell v. City Univ. of N.Y.,2*
    995 F Supp. 398 (S.D.N.Y. 1998) ......................................................................................21

*Campbell v. Cellco P'ship,*
    860 F.Supp.2d 284 (S.D.N.Y.2012) .....................................................................................5

*Coraggio v. Time Inc. Magazine Co.,*
    No. 94-cv-5429, 1995 WL 242047, at *6 (S.D.N.Y. Apr. 6, 1995) ......................................22

*Davis-Bell v. Columbia University,*
    851 F.Supp.2d 650 (S.D.N.Y. 2012) ..................................................................................13

*Deshpande v. TJH Med. Servs., P.C.,*
    861 N.Y.S.2d 697 (App. Div. 2008).....................................................................................6

*Dodd v. City Univ. of N.Y.*,
    No. 17 Civ. 9932 (PAE), 2020 WL 5750715, at *37 (S.D.N.Y. Sept. 25, 2020)..................11

*Erasmus v. Deutsche Bank Americas Holding Corp.*,
    No. 15 CIV. 1398 (PAE), 2015 WL 7736554, at *15 (S.D.N.Y. Nov. 30, 2015)................20

*Farmer v. Shake Shack Enterprises, LLC*,
    473 F. Supp. 3d 309, 334 (S.D.N.Y. 2020) ..........................................................17

*Fried v. LVI Servs., Inc.*,
    2011 WL 2119748, at *8 (S.D.N.Y. May 23, 2011) ...........................................14

*Gabel v. Richards Spears Kibbe & Orbe, LLP*1
    615 F.Supp.2d 241 (S.D.N.Y. 2009) ...................................................................21

*Hicks v. Baines*,
    593 F.3d 159 (2d Cir. 2010) ...............................................................................11

*Jute v. Hamilton Sundstrand Corp.*,
    420 F.3d 166 (2d Cir. 2005) ...............................................................................11

*Kalola v. Int'l Bus. Machines Corp.*,
    No. 13 CV 7339 (VB), 2015 WL 861718, at *11 (S.D.N.Y. Feb. 3, 2015) ...........19

*Karibian v. Columbia Univ.*,
    930 F.Supp. 134 (S.D.N.Y. 1996) .......................................................................19

*Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*,
    716 F.3d 10 (2d Cir. 2013) .................................................................................11

*Macchirole v. Giamboi*,
    97 N.Y.2d 147, 762 N.E.2d 346 (2001)...............................................................23

*McHenry v. Fox News Network, LLC*,
    No. 19 CIV. 11294, 2020 WL 7480622, at *8 (S.D.N.Y. Dec. 18, 2020) .............13

*McNulty v. Port Washington Police Dist.*,
    191 A.D.3d 659, 137 N.Y.S.3d 720 (2021).........................................................23

*Mihalik v. Credit Agricole Cheuvreux N. Am., Inc.*,
    715 F.3d 102 (2d Cir. 2013) .........................................................................3, 16

*Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP*,
    No. 21 CIV 02512 (CM), 2022 WL 524551, at *13 (S.D.N.Y. Feb. 22, 2022)...............14, 19

*Murphy v. Am. Home Prods. Corp.*,
    58 N.Y.2d 293 (N.Y. App. Div. 1983) ...............................................................22

*Nieblas-Love v. New York City Hous. Auth.*,
    165 F. Supp. 3d 51, 78 (S.D.N.Y. 2016) ...........................................................21

*Nunez v. A-T Fin. Info. Inc.*,
    957 F.Supp. 438 (S.D.N.Y. 1997) ....................................................................22

*O'Reilly v. Executone*,
    121 A.D.2d 772, 503 N.Y.S.2d 185 (3d Dep't 1986) ........................................22

*Petrosino v. Bell Atl.*,
    385 F.3d 210 (2d Cir. 2004) ...............................................................................5

*Pilgrim v. McGraw-Hill Companies, Inc.*,
    599 F.Supp.2d 462 (S.D.N.Y. 2009) .................................................................11

*Poolt v. Brooks*,
    38 Misc.3d 1216(A), 967 N.Y.S.2d 869 (Sup. Ct. 2013) ...................................20

*Rivera v. JP Morgan Chase*,
    815 F. App'x 603 (2d Cir. 2020) .........................................................................5

*Rochetti v. New York State Dep't of Motor Vehicles*,
    No. 02 CV 1710 SLT LB, 2005 WL 2340719, at *7 (E.D.N.Y. June 13, 2005) ..................13

*Rossbach v. Montefiore Med. Ctr.*,
    No. 19CV5758 (DLC), 2021 WL 930710, at *8 (S.D.N.Y. Mar. 11, 2021 ...................13, 21

*Sanchez v. L'Oreal USA, Inc.*,
    No. 21-CV-3229, 2022 WL 1556402, at *5 (S.D.N.Y. 2022)...............................13

*Warren v. Ultimate Fitness Grp.*, LLC,
    No. 19-CV-10315 (KMK), 2021 WL 4239246, at *5 (S.D.N.Y. Sept. 17, 2021) ..........14, 19

*Webb-Weber v. Cmty. Action for Hum. Servs., Inc.*,
    23 N.Y.3d 448 (2014) .........................................................................................6

*Wolff v. City of N.Y. Fin. Servs.*,
    939 F.Supp. 258 (S.D.N.Y. 1996) ....................................................................22

## **STATUTES**

42 U.S.C. § 1981 ....................................................................................................1
CPLR 215..............................................................................................................21

N.Y. Exec. Law § 296(6) .................................................................................................13
N.Y.C Admin. Code § 8-107(6)........................................................................................13
NYCHRL Section 8-107(19) ............................................................................................20
N.Y. Workers' Comp. Law § 11.......................................................................................23
N.Y. Workers' Compensation Law § 29(6) ......................................................................23

## PRELIMINARY STATEMENT

Plaintiff seeks to recover damages against defendant Mary Davis ("Davis") for alleged discrimination, retaliation and interference with protected rights under Federal, New York State and New York City laws. Toward this end, in Plaintiff's Complaint's "**FACTS**" section she alleges three items pertaining to Davis including: (1) Davis made racist comments which caused FIT to be a hostile work environment (Daub Dec. Ex. "E," at ¶ 21); (2) Davis discriminated against Plaintiff because Plaintiff did not receive a promotion (Daub Dec. Ex. "E," at  ¶19), and; (3) Davis failed to timely address a 2018 internal affirmative action complaint that allegedly caused co-defendant Marilyn Barton ("Barton") to assault Plaintiff more than one year after the internal affirmative action complaint was filed. (Daub Dec. Ex. "E," at ¶¶ 29-32). Based upon the allegations, Plaintiff attempts to allege twelve causes of action against Davis, all of which the undisputed facts and applicable law demonstrate should be dismissed on this motion for summary judgement.

In this context, Plaintiff alleges that the three items of which she complains constitute discrimination under the New York City Human Rights Law ("NYCHRL") and 42 U.S.C. § 1981 ("Section 1981"). (Daub Dec. Ex. "E," at ¶¶ 89-92, 50-51 and 55-57)[1] As shown in POINTS I and V, the undisputed facts and applicable law establish that no discrimination claim exists under the NYCHRL or Section 1981 claim and they should be dismissed.[2]

Plaintiff also alleges she was retaliated against in violation of the New York State Human Rights Law (NYSHRL"), the NYCHRL and Section 1981. (Daub Dec. Ex. "E," at ¶¶ 76-80 and

---

[1] Plaintiff does not allege a NYSHRL discrimination claim against Davis.
[2] With respect to the Section 1981 discrimination claim, Davis respectfully refers to codefendant FIT's Memorandum of Law submitted on this motion at POINTS III & IV.

61-63 and 93-96) As shown in POINT II, Plaintiff is incorrect. The undisputed facts and applicable law establish that no retaliation claim exists under the NYSHRL and NYCHRL and Section 1981[3].

Next, Plaintiff alleges aiding and abetting for both discrimination and retaliation under the NYSHRL (Daub Dec. Ex. "E," at ¶¶ 81-88) and only aiding and abetting discrimination under the NYCHRL. (Daub Dec. Ex. "E," at ¶¶ 97-100) As shown in POINT III, the claims should be dismissed as the undisputed facts and applicable law establish that no aiding and abetting claim exists against Davis under the NYSHRL and the NYCHRL.

Plaintiff also claims that under the NYCHRL Davis is liable for interference with Plaintiff's rights. (Daub Dec. Ex. "E," at ¶¶ 101-104) As shown in POINT IV, Plaintiff is incorrect as the undisputed facts and applicable law establish that no claim exists against Davis for interference with rights under the NYCHRL.

As for Plaintiff's claim for intentional infliction of emotional distress (Daub Dec. Ex. "E," at ¶¶ 70-72, that too should be dismissed. As shown in Point VI, the claim is time barred and, in any event, the undisputed facts and applicable law establish that no claim exists against Davis for intentional infliction of emotional distress.

Finally, as for Plaintiff's claim of negligent hiring, training, retention and supervision, (Daub Dec. Ex. "E," at ¶¶ 67-69)  it must be dismissed as it is barred under the New York Workers' Compensation Law.

## STATEMENT OF FACTS

Davis refers the Court to Defendants' Joint Rule 56.1 Statement of Material Facts ("JSMF"), the Affidavit of Dr. Cynthia Glass, the Affidavit of Anton Baptiste, Exhibits and the

---

[3] With respect to the Section 1981 retaliation claim, Davis respectfully refers to co-defendant FIT's Memorandum of Law submitted on this motion at POINT V.

Memoranda of Law submitted by FIT and Barton, each of which has been filed contemporaneously with this Memorandum of Law.

## ARGUMENT

### POINT I

### SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S DISCRIMINATION CLAIM UNDER THE NEW YORK CITY HUMAN RIGHTS LAW ("NYCHRL")

A discrimination claim under the NYCHRL requires (1) that a plaintiff be treated less well than other employees, and (2) the treatment was because of a discriminatory intent. *Mihalik v. Credit Agricole Cheuvreux N. Am., Inc*., 715 F.3d 102, 109-10 (2d Cir. 2013). And, given that the NYCHRL is not a civility code, a defendant may prevail on summary judgment if the complained of conduct amounted to no more than a trivial or petty slight. *Alvarado v. Nordstrom, Inc.,* 685 F. App'x 4 (2d Cir. 2017).

In Plaintiff's Complaint's "**FACTS**" section she alleges three items pertaining to Davis: (1) Plaintiff alleges that Davis made racist comments which caused FIT to be a hostile work environment (Daub Exhibit "E" at ¶ 21); (2) Plaintiff alleges that Davis discriminated against her because Plaintiff did not receive a promotion (Daub Dec. Ex. "E," at ¶19), and (3) Plaintiff alleges that Davis failed to timely address a 2018 internal affirmative action complaint that caused Barton to assault Plaintiff in 2019. (Daub Dec. Ex. "E," at ¶¶ 29-32).

Based on the undisputed facts and applicable law, however, Plaintiff's NYCHRL discrimination claim should be dismissed.

**A. Summary Judgment Should be Granted in Favor of Davis on Plaintiff's NYCHRL Discrimination Claim that is Based on Alleged Racist Comments By Davis Because Plaintiff Conceded at her Deposition, and Documentary Evidence Shows, That Davis Never Made any Discriminatory Comments to Plaintiff and  Plaintiff Was Unaware of Davis Ever Making Discriminatory Comments to Others**

Plaintiff alleges in her Complaint that Davis made racist comments which caused FIT to be a hostile work environment. However, the discovery process revealed undisputed facts that show the allegation is untrue and unprovable. Plaintiff conceded at her deposition that Davis never made any discriminatory remarks to Plaintiff. And, Plaintiff was unaware of Davis making discriminatory remarks to others. (JSMF ¶ 127) Additional evidence of this fact is Plaintiff's failure to include any discriminatory remarks attributable to Davis in the Complaint in this action, her EEOC Charge; nor Plaintiff's  internal complaint to FIT's Affirmative Action Office. (JSMF ¶¶ 124-126)

Given the absence of any discriminatory comments by Davis, the nonexistent comments cannot logically be a basis for a conclusion that Plaintiff has been treated "less well" or that Davis harbored discriminatory intent against Plaintiff. Summary judgment should, therefore, be granted to Davis with respect to Plaintiff's indisputably untrue allegation that Davis made racist comments which caused FIT to be a hostile work environment.

**B. Summary Judgment Should be Granted in Favor of Davis on Plaintiff's NYCHRL Discrimination Claim that is Based On Her Not Receiving a Promotion**

Although not raised in her internal complaint with FIT's Affirmative Action Office or her EEOC Charge in 2019, Plaintiff claims that Davis did not grant her an "upgrade" after they discussed one in 2017, (JSMF ¶¶ 30, 32) The undisputed evidence shows Plaintiff understood only that Dean Davis was "just trying to prepare for what might happen at some point in time" if she

needed to transfer a coworker's responsibilities relating to FIT's Exhibition and Experience and Art Market programs to someone else. (JSMF ¶¶ 31, 35)  At most, therefore, the concept of an upgrade was being discussed in the abstract and Davis did not promise an upgrade. In fact, under the Union CBA that governs the entire process, Davis had no power or authority to provide an employee with an upgrade. (JSMF ¶¶ 3, 29; Glass Aff. ¶ 30)

Nevertheless, discrimination based upon a failure to promote requires that a plaintiff  (1) is a member of a protected class; (2) applied and was qualified for a job for which the employer was seeking applicants; (3) was rejected for the position; and (4) the position remained open and the employer continued to seek applicants having the plaintiff's qualifications." *Petrosino v. Bell Atl.*, 385 F.3d 210, 226–27 (2d Cir. 2004); *Brown v. Coach Stores, Inc.,* 163 F.3d 706 (2d Cir.1998). The second, third and fourth elements are absent here.

A failure to promote claim cannot be established merely with evidence that a plaintiff generally requested promotion consideration.  *Rivera v. JP Morgan Chase*, 815 F. App'x 603, 606 (2d Cir. 2020); *Brown,* 163 F.3d 706 (2d Cir. 1998). Rather, a specific application is required. *Id.*  The requirement protects employers from the unfair burden of having "to keep track of all employees who have generally expressed an interest in promotion and [to] consider each of them for any opening for which they are qualified but did not specifically apply." *Brown* at 710.

These concepts apply with equal vigor to a failure to promote claim under the NYCHRL. Thus, if a plaintiff was qualified for a position, yet never applied and was never rejected, there can be no inference of discrimination. *Campbell v. Cellco P'ship,* 860 F.Supp.2d 284, 300 (S.D.N.Y.2012); *Anderson*, 850 F. Supp. 2d 392, 414 (S.D.N.Y. 2012) (noting that the dismissal of failure-to-promote claims under the NYCHRL is warranted where the plaintiff "did not allege any specific instance where the [defendants] refused to promote him to a position for which he

applied and for which he was qualified" (quoting *Deshpande v. TJH Med. Servs., P.C.*, 861 N.Y.S.2d 697, 700 (App. Div. 2008), *abrogated on other grounds by Webb-Weber v. Cmty. Action for Hum. Servs., Inc.*, 23 N.Y.3d 448 (2014).

The undisputed evidence shows that Plaintiff does not, and cannot demonstrate (1) she applied and was qualified for a job for which FIT was seeking applicants; (3) she was rejected for the position; and (4) the position remained open and FIT continued to seek applicants having Plaintiff's qualifications.  Manifestly, Plaintiff claims that in or around September, 2017, she had a conversation with Defendant Davis only about the possibility of Dean Davis assigning her additional duties and supporting a request for an "upgrade" to a "new position." (JSMF ¶ 33)

The "STAFF COMPENSATION PROGRAM" in the CBA makes it clear that a promotion of the type sought by Plaintiff is not guaranteed. Rather, there is an extensive formal process that must be undertaken and that process may just as well result in a downgrade as it may in an upgrade into a new position. (JSMF ¶¶ 3, 52 - 54)

Also, before an upgrade of the type to which Plaintiff refers, the CBA mandates there be a "significant and additional job duties and responsibilities," (JSMF ¶ 28)

Plaintiff was aware that there was more to be done after she spoke to Davis. (JSMF ¶ 37) According to Plaintiff, she informed Davis that Plaintiff would work with Human Resources to create a new position title that was commensurate with an upgrade. (JSMF ¶ 39). Plaintiff testified that Plaintiff and Davis agreed to Plaintiff's approach, *i.e.,* that Plaintiff, not Davis, would speak with Human Resources for assistance in formulating a proposed job title for a new position. (JSMF ¶¶ 38, 39) According to Plaintiff, she, not Davis, would then decide what the best job title was for a possible new position. (JDMF ¶ 40) Towards this end, Plaintiff contacted Human Resources via email on August 15, 2017 and a meeting was set up for August 16, 2017. (JSMF ¶ 1)

Plaintiff testified that she had one meeting with Human Resources and was provided with a couple of job descriptions that might be considered for a new position. (JSMF ¶ 42) On August 22, 2017, HR provided Plaintiff with some job descriptions. (JSMF ¶ 43)

On September 8, 2017, Plaintiff asked Human Resources for "a couple more examples of job descriptions." (JSMF ¶ 45) On September 12, 2017, Human Resources provided Plaintiff with additional examples of job descriptions. *Id.* At that point, Plaintiff had no further discussions with Human Resources regarding job descriptions because she received what she needed. (JSMF ¶ 47). She then abandoned the process and did so before she ever filed an internal complaint with FIT's Affirmative Action Office. (JSMF ¶ 48)

Although plaintiff abandoned the process long before she filed the internal complaint with FIT's Affirmative Action Office, undisputed facts show that even after she filed the internal complaint with FIT's Affirmative Action Office nothing changed with regard to her decision to jettison the process.

On November 27, 2018, *i.e.,* seven months after filing her internal AAO Complaint in April 2018, Plaintiff's union representative advised Plaintiff: "As far as your upgrade, you would need to speak to your supervisor."  In the email, Plaintiff's union representative also offered "If you need any assistance in getting your paperwork together, I would be happy to help." (JSMF ¶ 50). Plaintiff still did nothing.

On November 5, 2019, *i.e.,* a year and a half after filing her internal AAO Complaint in April 2018, Plaintiff advised her Union representative:  "I did not ask Mary Davis to do anything except explain to me what additional roles/responsibilities she had in mind so that I was clear…"; "but when I filed the Affirmative Action complaint, I dropped the upgrade discussion because I didn't believe she would honor her promise to me anymore."  (JSMF ¶ 51)

After Plaintiff's alleged conversation with Davis in July or early August 2017, Plaintiff took no steps, and to this day has taken no steps to either apply for any posted vacancy in another job title or to pursue a "reevaluation" of her job title under the procedures set forth in the CBA, even after Dean Davis was no longer the Dean. (JSMF ¶ 49). This not only confirms that Plaintiff abandoned the process, but the fact that she has not pursued an upgrade shows that in the now five years since Plaintiff and Davis discussed the upgrade concept, there have been no "significant and additional job duties and responsibilities" for Plaintiff which is a condition that must be satisfied for Plaintiff to receive the type of upgrade to which she refers. (JSMF ¶¶ 24, 49)

The undisputed evidence shows that (2) Plaintiff did not apply and was qualified for a job for which FIT was seeking applicants; (3) Plaintiff was not rejected for a position; (4) no position remained open, and (5) FIT and Davis did not seek applicants having the plaintiff's qualifications for the non-existent position.

Finally, it is an impermissible leap in logic to conclude that the alleged failure to promote was racially motivated. Plaintiff claims that Davis spoke to her about a promotion and that certain action steps were agreed upon that Plaintiff was tasked with performing but didn't bother to complete. In other words, under Plaintiff's version of the facts, Davis was willing to work with Plaintiff but Plaintiff decided to abandon the process.

Given the above, the undisputed evidence shows Plaintiff has not been treated "less well" or that Davis harbored discriminatory intent against Plaintiff. Summary judgment should, therefore, be granted to Davis with respect to Plaintiff's failure to promote claim.

**C. Summary Judgment Should be Granted in Favor of Davis on Plaintiff's NYCHRL Discrimination Claim that is Based on Davis's Alleged Failure to Timely Address a 2018 Internal Complaint that Allegedly Caused Barton to Assault Plaintiff More Than One Year Later**

Plaintiff alleges that Davis and FIT failed to timely address a 2018 internal affirmative action complaint that somehow caused Barton to assault Plaintiff over a year after Plaintiff filed the internal complaint. (Daub Dec. Ex. "E" at ¶¶ 29-32) The undisputed facts establish, however, that Davis was not tasked with an investigation of the internal complaint. Indeed, she was one of the individuals being investigated as a Respondent. (JSMF ¶ 128) FIT's AA Office was responsible for conducting FIT's investigation of Plaintiff's internal 2018 AAO Complaint.  (JSMF ¶ 130) As part of FIT's investigation, Davis met with FIT's Affirmative Action Office on May 3, 2018, at which time Davis was told the "matter was categorized as 'Discriminatory Harassment." Dean Davis was not shown the complaint and was not given any other details.  (JSMF ¶ 129)

Moreover, Davis, like Plaintiff's union representatives, advised Plaintiff to speak with the appropriate offices within FIT to file a formal complaint and Plaintiff followed that advice. (JSMF ¶ 82) Plaintiff initiated the complaint process on March 19, 2018, only one week after receiving Davis's advice and after receiving the Union's advice, at which time Plaintiff requested a meeting with FIT's Affirmative Action Office. (JSMF ¶ 84) FIT then promptly and extensively investigated the internal complaint pursuant to the Nondiscrimination and Anti-Harassment Policy. (JSMF ¶¶ 130 – 161; See also FIT's Memorandum of Law in support of its companion motion for summary judgment.)   On March 23, 2018 Plaintiff met with FIT's Affirmative Action Office, Union representatives and a Human Resources representative to begin the preparation of a formal complaint. (JSMF ¶ 85) Plaintiff then met with FIT's Affirmative Action Office, her Union representatives and a Human Resources representative on April 5, 2018 and met again on April 12,

2018. (JSMF ¶ 86) On April 16, 2018 Plaintiff submitted a revised statement to FIT's Affirmative Action Office. (JSMF ¶ 87) On April 18, 2018, the Internal Affirmative Action Office sent Plaintiff their statement for Plaintiff's review. *Id.* And, on April 20, 2018 Plaintiff submitted her revised statement. (JSMF ¶ 88)

Finally, the incident with Barton occurred more than one year after Plaintiff filed her internal complaint with FIT's Affirmative Action Office. Thus, even if Davis investigated a complaint where she was a Respondent, and even if FIT had not investigated the internal complaint, the Barton incident is too remote in time to have been caused by the alleged conduct of which Plaintiff complains, especially where, as here, Barton's conduct of which Plaintiff complains was the first of its kind involving Barton and her conduct was atypical for her. (JSMF ¶ 203) And, Plaintiff was surprised that Barton acted in such a manner and her behavior was out of the blue and something Plaintiff had never seen Barton do before with anybody. (JSMF ¶ 183)

Based on the undisputed facts Plaintiff has not been treated "less well;" nor has Davis harbored discriminatory intent against Plaintiff. Therefore, summary judgment should be granted to Davis with respect to Plaintiff's claim that Davis failed to timely address a 2018 internal affirmative action complaint that allegedly caused Barton to assault Plaintiff in 2019 should be dismissed.

## POINT II
## SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S RETALIATION CLAIMS UNDER THE NYSHRL AND NYCHRL

As noted above, the undisputed evidence shows that Plaintiff's not receiving a promotion does not support a discrimination claim. Plaintiff, however, attempts to manufacture the illusion that her not receiving a promotion was retaliation for her filing the internal complaint. This claim lacks merit.

The standard for retaliation claims under the NYSHRL is the same as the standard used in a Title VII claim. *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013). [4] To establish a *prima facie* case of retaliation, a plaintiff must show: "(1) participation in a protected activity; (2) that the defendant knew of the protected activity; (3) an adverse employment action; and (4) a causal connection between the protected activity and the adverse employment action." *Jute v. Hamilton Sundstrand Corp.*, 420 F.3d 166, 173 (2d Cir. 2005); *Hicks v. Baines*, 593 F.3d 159 (2d Cir. 2010). An adverse action must be sufficient to dissuade a reasonable person from exercising his or her rights under the law and does not include trivial harms. *Burlington Northern & Santa Fe Railway v. White, 548 U.S. 53 (2006).*

Under the NYCHRL, a plaintiff need not prove any adverse employment action; instead, she must prove that something happened that would be reasonably likely to deter a person from engaging in protected activity. *See Benzinger v. Lukoil Pan Americas, LLC*, 447 F. Supp. 3d 99, 129 (S.D.N.Y 2020). Second, the NYCHRL does not require a plaintiff to show but-for causation, so summary judgment is appropriate if the plaintiff cannot show that retaliation played a part in the employer's decision. *See Dodd v. City Univ. of N.Y.,* No. 17 Civ. 9932 (PAE), 2020 WL 5750715, at *37 (S.D.N.Y. Sept. 25, 2020) (quotation marks omitted). However, a plaintiff must still show that her employer was aware that she engaged in a protected activity and that there was a causal connection between the protected activity and the employer's subsequent action. See *Pilgrim v. McGraw-Hill Companies, Inc.,* 599 F. Supp. 2d 462, 469 (S.D.N.Y. 2009).

Plaintiff's retaliation claims under the NYSHRL and NYCHRL have no merit for the simple reason discussed above that Plaintiff decided to abandon the possibility of a promotion long

---

[4] With respect to additional arguments pertaining to Plaintiff's retaliation claim under the NYSHRL, because Title VII and the NYSHRL undergo the same analysis, Davis joins in the arguments made in FIT's Memorandum of Law in support of its motion for summary judgment at POINT V.

before she filed her internal complaint. In this context, even though Plaintiff agreed she would be the one to speak with Human Resources for assistance in formulating a proposed job title for a new position; even though Plaintiff agreed she would decide what the best job title was for a possible new position, and; even though she contacted Human Resources and received examples of job descriptions in early September 2017 and recognized she had all she needed; seven months before she filed her internal complaint Plaintiff voluntarily ceased any efforts to facilitate an upgrade.

Even evidence following the filing of the internal complaint shows it was Plaintiff's decision to drop the upgrade long before filing the internal complaint such that her not receiving an upgrade cannot be retaliation. Thus, on November 27, 2018, *i.e.*, eight and one half months after filing the internal complaint, Plaintiff's union representative advised Plaintiff: "As far as your upgrade, you would need to speak to your supervisor." In the email, Plaintiff's union representative also offered "If you need any assistance in getting your paperwork together, I would be happy to help." (JSMF ¶ 50) Yet, FIT's records (as well as concessions by Plaintiff), show that  to this day, and after Dean Davis left FIT, Plaintiff has not sought a re-evaluation; nor has she applied to any open job posting which would have resulted in an "upgrade." (JSMF ¶ 49).

Similarly, in a November 5, 2019 email from Plaintiff to her union representative, Plaintiff expressed that at the time she filed her internal complaint one year and eight months earlier, Plaintiff had decided to "[drop] the upgrade discussion" because she believed that when she filed the internal complaint Davis would not honor the alleged promise to Plaintiff. Rule 56.1. (JSMF ¶ 51) However, Plaintiff's "feelings and perceptions" are not evidence of discrimination and, therefore, her allegations are insufficient to defeat defendant's summary judgment motion. *Bickerstaff v. Vassar College,* 196 F.3d 435, 456 (2d Cir.1999) (internal citation omitted);

*Rochetti v. New York State Dep't of Motor Vehicles*, No. 02 CV 1710 SLT LB, 2005 WL 2340719, at *7 (E.D.N.Y. June 13, 2005).

Consequently, long  before Plaintiff even met with FIT's Affirmative Action Office she already determined not to proceed with an upgrade. There cannot, therefore, be any retaliation and no retaliation claim exists under the NYSHRL or NYCHRL. Summary judgement should, therefore, be granted in Davis's favor on Plaintiff's retaliation claims.

**POINT III**

**SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S AIDING AND ABETTING CLAIMS UNDER THE NYSHRL AND NYCHRL[5]**

The NYSHRL and NYCHRL prohibit actions that "aid, abet, incite, compel or coerce the doing" of unlawful acts of discrimination. See N.Y. Exec. Law § 296(6); N.Y.C Admin. Code § 8-107(6). "A precondition to a valid aiding and abetting claim under the NYSHRL or NYCHRL is a demonstration of a valid primary claim for discrimination or retaliation.[6]" *Sanchez v. L'Oreal USA, Inc.*, No. 21-CV-3229, 2022 WL 1556402, at *5 (S.D.N.Y. 2022); *Rossbach v. Montefiore Med. Ctr.*, 2021 WL 930710, at *7 (S.D.N.Y. 2021), at *7. To sustain such claim the individual against whom the claim is made must have "actually participated" in the unlawful conduct. *Davis-Bell v. Columbia Univ.*, 851 F. Supp. 2d 650, 687 (S.D.N.Y. 2012); see also *McHenry v. Fox News Network, LLC*, No. 19 CIV. 11294, 2020 WL 7480622, at *8 (S.D.N.Y. Dec. 18, 2020).

Even if there is actionable conduct by another, which there is not in this case, under the NYSHRL and NYCHRL, aiding and abetting liability does not attach to a supervisor unless the

---

[5] Plaintiff asserts aiding and abetting discrimination and retaliation under the NYSHRL (Daub Dec. Ex. "E," at ¶¶ 81-88) and only aiding and abetting discrimination under the NYCHRL. (Daub Dec. Ex. "E," at ¶¶ 97-100)

[6] As noted in the Preliminary Statement, Plaintiff does not assert a NYCHRL aiding and abetting claim based on retaliation.

facts alleged demonstrate that the alleged aider and abettor shared the intent or purpose of a principal actor. *Mondelo v. Quinn, Emanuel, Urquhart & Sullivan, LLP,* No. 21 CIV 02512 (CM), 2022 WL 524551, at *13 (S.D.N.Y. 2022) "There can be no partnership in an act where there is no community of purpose." *Id., citing Warren v. Ultimate Fitness Grp.*, LLC, No. 19-CV-10315 (KMK), 2021 WL 4239246, at *5 (S.D.N.Y. 2021) (quoting *Fried v. LVI Servs., Inc.,* 2011 WL 2119748, at *8 (S.D.N.Y. 2011).

The allegations in the Complaint in this action do not clearly set forth any facts identifying the manner in which Davis allegedly aided and abetted any alleged principal actor, leaving one to speculate as to exactly what it is of which Plaintiff complains.  In fact, Plaintiff does not even allege any NYCHRL or NYCHRL claims against FIT or the individuals who she claims made any alleged harassing comments. (*See,*Daub Aff., Ex. "E").

**A. There is No Aiding and Abetting Claim under the NYSHRL or NYCHRL Against Davis to the Extent Plaintiff Seeks To Assert Aiding and Abetting in Reliance Upon the 2014 "Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017 "Going to the Hood" Comment**

**1, There was no Participation by Davis in the 2014 "Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017 "Going to the Hood" Comment and No Community of Purpose to Support an Aiding and Abetting Claim**

The 2014 "back of the bus" comment, the 2016 discussion of the 3/5th compromise and the 2017 "going to the hood" comment, were not made by Davis and Plaintiff conceded at her deposition that Davis never made any discriminatory remarks to Plaintiff. (JSMF ¶ 127) And, Plaintiff was unaware of Davis making any discriminatory remarks about any employee. *Id.* In addition, Plaintiff did not include in her EEOC Charge any racially discriminatory comments attributable to Davis. Plaintiff did not include any racially discriminatory comments attributable

to Davis in her internal complaint. And, Plaintiff's Complaint in this action does not set forth any racially discriminatory comments attributable to Davis. (JSMF ¶¶ 124-126)

Plaintiff also did not make Davis aware of the 2014 "back of the bus" concern, or the 2016 "3/5th's compromise" discussion to Davis when they occurred. As for the 2017 "going to the hood" comment, Plaintiff told Davis she desired to speak to Kyle Farmer to informally resolve her concern which is consistent with Plaintiff's general practice and desire of seeking to informally resolve perceived concerns with coworkers including a responsibility of making an effort to have a conversation with anyone who has offended her. (JSMF ¶¶ 76, 103, 115) Plaintiff believed that Farmer was trying to be funny (JSMF ¶ 105 ) Plaintiff spoke to Kyle Farmer about her concern, and she reported that he "apologized profusely, "he apologized many times," "he apologized "over and over" and "thanked [Plaintiff] for saying something to him. (JSMF ¶ 104) Kyle Farmer meant the comment as a "street style fashion compliment that landed badly." (JSMF ¶ 106) Thus, there was no participation by Davis in the comments and discussion that troubled Plaintiff and, correspondingly, there was no community of purpose to support an aiding and abetting claim based upon the 2014 "back of the bus" comment, the 2016 discussion of the 3/5th's compromise and the 2017 "going to the hood" comment.

> ## 2. Under the NYCHRL The 2014 "Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017 "Going to the Hood" Comment, Singularly or in Combination Are not Actionable as an Aider and Abettor Claim Because They Are Trivial and Petty Slights

While there was no participation by Davis in the 2014 "back of the bus" comment, the 2016 discussion of the 3/5th compromise and the 2017 "going to the hood" comment and, there was no community of purpose to support an aiding and abetting claim based upon the comments and discussion, the "back of the bus" and" going to the hood" comments and the discussion of the

3/5th compromise, individually or in combination, are not actionable under the NYCHRL's more lenient standard because at most they were trivial and petty slights.

In *Mihalik v. Credit Agricola Cheuvreux*, 715 F.3d 102 (2d Cir. 2013), the Second Circuit construed the NYCHRL as requiring an analysis separate from discrimination claims raised under the federal and state counterparts. While the court opined that to establish claims of discrimination and retaliation does not require proof of "severe and pervasive" conduct, the court nevertheless cautioned that the NYCHRL is not a "general civility Code." Thus, the NYCHRL does not apply where comments are trivial and petty slights. *Alvarado v. Nordstrom, Inc.,* 685 F. App'x 4 (2d Cir. 2017).

In *Alvarado,* the plaintiff was a gay Hispanic man. The plaintiff alleged he was subjected to a hostile work environment based upon three statements made by four employees over the course of one year. The first statement was made when two straight African-American females were following plaintiff around the place of employment that caused plaintiff to ask if they were going to follow him home. The employees then asked the plaintiff if he would make them *arroz con polio,* to which he responded that he would make them fried chicken and sweet potato fries. On another occasion a male African–American coworker, called Alvarado "a little bitch" in the midst of a dispute. On a third occasion, another employee told a coworker to choose between "queens" and "real girls." The Court held as a matter of law that the statements were trivial and petty slights.

It is submitted that the unrelated comments by Plaintiff's coworkers in this case are far more inncocuous than the trivial comments and petty slights in *Alvarado.* In contrast to, and even more compelling than *Alvarado* where the comments were all made within one year, here the "back of the bus comment was made in 2014, the 3/5th compromise discussion occurred in 2016 and the

"hood" comment occurred in 2017. Also, in this case, Plaintiff expressed her desire to Davis to informally resolve the issue with Kyle Farmer and when Plaintiff spoke to him, he apologized profusely and thanked Plaintiff. As for the discussion of the 3/5th compromise, Plaintiff was not part of the discussion, the discussion was not directed to her and, significantly, Plaintiff perceived the discussion had something to do with the 2016 election and Donald Trump's being very racist. (JSMF ¶94). Plaintiff did not know if it was an educational moment. (JFMS ¶93) Plaintiff expressed that her concern was that "there is talk you can have in an office and there is talk you do not have in an office environment." (JSMF ¶ 96)

Thus, at most, the "back of the bus" and" going to the hood" comments and the discussion of the 3/5th compromise, singularly or in combination, are trivial and petty slights.

Consequently, there is no NYCHRL violation by FIT or plaintiff's coworkers in which Davis may be said to have participated. Likewise, Plaintiff is unable to establish any partnership in an act where, as here, there was no community of purpose. Thus, summary judgment should be granted to Davis with regard to the NYCHRL aiding and abetting claim insofar as it is allegedly based upon the above comments and discussion.

> **3.**   **Under the NYSHRL the 2014 "Back of the Bus" Comment, the 2016 Discussion of the 3/5th Compromise and the 2017 "Going to the Hood" Comment, Singularly or in Combination Are Not Actionable As an Aider and Abettor Claim**

Because the NYCHRL is given a more liberal interpretation, the dismissal of that claim would, of course, require the NYSHRL aiding and abetting claim be dismissed. In any event hostile work environment claims under the NYSHRL are judged by the same standard as under Title VII. *Farmer v. Shake Shack Enterprises, LLC*, 473 F. Supp. 3d 309, 334 (S.D.N.Y. 2020). Thus, with regard to Plaintiff's NYSHRL claim, Davis refers to POINT IV of FIT's Memorandum of Law

dealing with Title VII that show there is no valid primary claim for a hostile work environment claim upon which an NYSHRL claim may be based.

### B. The Absence of a Promotion Does Not Support an Aiding and Abetting Claim Against Davis

If Plaintiff is relying on the alleged failure to promote to support her aiding and abetting claim which, as noted above and in FIT's Memorandum of Law at POINT III in support of its motion, undisputed evidence and established law show that claim does not exist. Therefore, there is no NYCHRL or NYSHRL violation by FIT or coworkers in which Davis may be said to have participated. Likewise, Plaintiff is unable to establish any partnership in an act where, as here, there was community of purpose.

### C. There is No Aiding and Abetting Claim Against Davis to the Extent Plaintiff Seeks To Assert an Aiding and Abetting Claim in Reliance upon Davis's Purported Failure to Timely Address a 2018 Internal Affirmative Action Complaint that Allegedly Caused Barton to Assault Plaintiff Over One Year Later

Perhaps Plaintiff is basing her aiding and abetting claim on Davis's purported failure to timely address a 2018 internal affirmative action complaint that Plaintiff alleges somehow caused Barton to assault Plaintiff in 2019. The undisputed facts show this claim is unfounded and makes no sense because (1) Davis did take remedial measures by counseling Plaintiff, as did Plaintiff's Union, to file a complaint with FIT's Affirmative Action Office, which Plaintiff did shortly thereafter (JSMF ¶¶ 79, 82); (2) Davis was a Respondent in Plaintiff's 2018 internal Affirmative Action Complaint; (3) Under FIT's Nondiscrimination & Anti-Harassment Policy, FIT's Affirmative Action Office would perform an investigation; (3) After the internal Affirmative Action Complaint was filed FIT's Affirmative Action Office immediately commenced an investigation; (4) Plaintiff repeatedly expressed her preference to personally resolve matters

informally (JSMF ¶¶ 76, 103, 115 ) and (3) the CBA encourages informal resolution of claims (JSMF ¶ 17).

Even if the undisputed facts did not show that Plaintiff's claim has no merit, under the law "[a failure] to respond to others' alleged violations of the NYSHRL [and the NYCHRL] does not support aiding and abetting liability." *Mondelo,* No. 21 CIV 02512 (CM), 2022 WL 524551, at *14 (S.D.N.Y. Feb. 22, 2022)[Brackets in original], *citing Warren*, 2021 WL at *5-6.

In *Warren,* the Court denied the plaintiff's motion to amend her complaint because allegations that a human resources company responsible for handling the plaintiff's complaints "should have done more" or should have "responded differently" to the complaints "[do] not amount to active participation in a [primary violator's alleged harassment and discrimination." *Id.* at *6. The court held that, "[m]ere ineptitude and insensitivity in response to a complaint of harassment standing along is insufficient to support a finding of personal liability" necessary to state a claim for aiding and abetting. *Id.* (quoting *Beattie v. Farnsworth Middle Sch.*, 143 F. Supp. 2d 220, 230 (N.D.N.Y. 1998)). And, without more, aiding and abetting liability does not "for failing to adequately investigate a claim of discrimination." *Kalola v. Int'l Bus. Machines Corp.*, No. 13 CV 7339 (VB), 2015 WL 861718, at *11 (S.D.N.Y. Feb. 3, 2015); *see also Karibian v. Columbia Univ.*, 930 F. Supp. 134, 146 (S.D.N.Y. 1996) (the aiding and abetting laws do not contain language "expressly creating liability for failure to investigate and remedy a complaint of discrimination"). Thus, even if the above facts did not show there was no truth to Plaintiff's allegation, Davis's alleged failure to timely address a 2018 internal affirmative action complaint that allegedly caused Barton to assault Plaintiff more than one year later does not establish aiding and abetting liability.

Finally, Davis's purported failure to timely address the internal affirmative action complaint that allegedly caused Barton to assault Plaintiff over one year later, is far too speculative a conclusion to reach especially where, as here, Barton's conduct of which Plaintiff complains was the first of its kind involving Barton and her conduct was atypical for her (JSMF ¶ 203) and Plaintiff was surprised that Barton acted in such a manner and her behavior was out of the blue and something Plaintiff had never seen Barton do before with anybody. (JSMF ¶ 183).

Therefore, there is no NYCHRL violation by FIT or Plaintiff's coworkers in which Davis may be said to have participated. Likewise, Plaintiff is unable to establish any partnership in an act where there was community of purpose. Summary judgement should, therefore, be granted in Davis's favor on aiding and abetting claims.

## POINT IV

### SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S CLAIM UNDER THE NYCHRL, FOR INTERFERENCE WITH PROTECTED RIGHTS

Section 8-107(19) of the NYCHRL states:

> "[i]t shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section."

A complaint must allege facts showing a plaintiff was intimidated, threatened, or otherwise interfered with in the exercise or enjoyment of any right under § 8-107, *Erasmus v. Deutsche Bank Americas Holding Corp.,* No. 15 CIV. 1398 (PAE), 2015 WL 7736554, at *15 (S.D.N.Y. Nov. 30, 2015) *See, also Poolt v. Brooks*, 38 Misc. 3d 1216(A), 967 N.Y.S.2d 869 (Sup. Ct. 2013) (Cause of action dismissed where plaintiff does not allege she was threatened.) and *Barry v. Macy's, Inc.* No. 20-CV-10692 (CM), 2022 WL 1104847, at *12 (S.D.N.Y. Apr. 13, 2022). To survive a motion

for summary judgment a plaintiff must show that a defendant took some affirmative step to coerce, intimidate, threaten or interfere when the plaintiff exercised a protected right. *Rossbach v. Montefiore Med. Ctr.*, No. 19CV5758 (DLC), 2021 WL 930710, at *8 (S.D.N.Y. Mar. 11, 2021; *Nieblas-Love v. New York City Hous. Auth.*, 165 F. Supp. 3d 51, 78 (S.D.N.Y. 2016)

Here, there is no fact in the Complaint or material exchanged during discovery reflecting in any way that Davis personally coerced, intimidated, threatened or interfered with Plaintiff, with respect to any right granted or protected under the NYCHRL.

## POINT V

### SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINITFF'S SECTION 1981 DISCRIMINATION AND RETALIATION CLAIMS

With respect to Plaintiff's Section 1981 claim, Davis joins in FIT's argument at POINT III, IV and V of FIT's Memorandum of Law submitted in support of its motion for summary judgment.

## POINT VI

### SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CLAIM

Plaintiff's cause of action for intentional infliction of emotional distress against Davis must also be dismissed.

To begin with, the statute of limitations for intentional infliction of emotional distress is one year. CPLR 215; *Gabel v. Richards Spears Kibbe & Orbe, LLP*, 615 F. Supp. 2d 241, 243 (S.D.N.Y. 2009) Here, the Complaint was filed on January 9, 2020. With respect to Davis, the Complaint does not allege any acts by Davis occurring within the year proceeding the filing of the

Complaint. The claim for intentional infliction of emotional distress must, therefore, be dismissed as time barred.

In any event, recovery for intentional infliction of emotional distress is available under New York law only in narrowly defined circumstances. To state a claim for intentional infliction of emotional distress, a plaintiff must demonstrate "(1) defendant's extreme and outrageous conduct; (2) defendant's intent to cause, or disregard of a substantial probability of causing, severe emotional distress; (3) a causal connection between defendant's conduct and the injury suffered; and (4) that plaintiff endures severe emotional distress." *Burrell v. City Univ. of N.Y.*, 995 F. Supp. 398, 416 (S.D.N.Y. 1998) (citing *Wolff v. City of N.Y. Fin. Servs*., 939 F. Supp. 258, 263 (S.D.N.Y. 1996)). "The standard for extreme and outrageous conduct is extremely difficult to satisfy." *Id*. (*citing*, *Coraggio v. Time Inc. Magazine Co*., No. 94-cv-5429, 1995 WL 242047, at *6 (S.D.N.Y. Apr. 6, 1995)). The conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society." *Id*. (quoting *Murphy v. Am. Home Prods. Corp*., 58 N.Y.2d 293, 303 (N.Y. App. Div. 1983). Where an intentional infliction of emotional distress claim is based on alleged discriminatory or harassing conduct, "New York courts require that plaintiffs allege either an unrelenting campaign of day in, day out harassment or that the harassment was accompanied by physical threats, in order to state a cognizable claim for intentional infliction of emotional distress." *Nunez v. A-T Fin. Info. Inc*., 957 F. Supp. 438, 442 (S.D.N.Y. 1997) (citing *O'Reilly v. Executone*, 121 A.D.2d 772, 773, 503 N.Y.S.2d 185 (3d Dep't 1986)).

Here, there are no facts alleged against Davis that the alleged conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized society. Summary judgement should,

therefore, be granted in Davis's favor on Plaintiff's intentional infliction of emotional distress claim.

**POINT VII**

**SUMMARY JUDGMENT SHOULD BE GRANTED IN FAVOR OF DAVIS ON PLAINTIFF'S NEGLIGENT HIRING, TRAINING, RETENTION AND SUPERVISION CLAIM BECAUSE IT IS BARRED BY NEW YORK WORKERS' COMPENSATION LAW**

In Plaintiff's Complaint Count VIII, she alleges FIT and Davis were negligent in failing to select, train, and supervise its management employees such that incidents of harassment are properly investigated and promptly prevented/corrected. This negligence claim fails as a matter of law because it is barred under New York State Workers' Compensation Law, which is the exclusive remedy for negligence against an employer and co-employees. Under the Workers' Compensation Law, 'the right to compensation or benefits under this chapter, shall be the exclusive remedy to an employee . . . when such employee is injured . . . by the negligence or wrong of another in the same employ." N.Y. Workers' Comp. Law § 29(6). New York courts routinely dismiss employee state law negligence claims based on this exclusivity provision. *Arbouin v. Bob's Disc. Furniture, LLC*, 2021 U.S. Dis. LEXIS 124119, at *27 (E.D.N.Y. June 30, 2021) (discussing prior cases on the issue and the Second Circuit's pattern of dismissing negligence claims such as "negligent supervision, hiring, and retention due to New York's Workers' Compensation Law). As such, this claim must be dismissed. In addition, Workers' Compensation Law §§ 11 and 29 (6) restrict an employee from suing his or her co-employee for negligent acts. *Macchirole v. Giamboi*, 97 N.Y.2d 147, 762 N.E.2d 346 (2001); *McNulty v. Port Washington Police Dist.,* 191 A.D.3d 659, 137 N.Y.S.3d 720, 721 (2021). Summary judgement should, therefore, be granted in Davis's favor on Plaintiff's negligent hiring, training, and supervision claim.

**CONCLUSION**

Based on the undisputed facts and applicable law, Defendants' motion for summary

judgment should be granted and Plaintiff's claims dismissed.

Dated:   Westchester, New York
        June 9, 2022

                            Respectfully submitted,

                            SARETSKY KATZ & DRANOFF, L.L.P.
                            Attorneys for Defendant Mary Davis


                            By:   _/s/ Eric Dranoff_____
                                    Eric Dranoff

                            A Member of the Firm
                            *Office and P.O. Address:*
                            565 Taxter Road, Suite 210
                            Elmsford, New York 10523
                            (212) 973-9797; edranoff@skdllp.com

Docket No. 20-CV-00221 (GBD)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARJORIE PHILLIPS,

Plaintiff,

-- against --

THE FASHION INSTITUTE OF TECHNOLOGY, MARY DAVIS and MARILYN BARTON,

Defendants.

# MEMORANDUM OF LAW IN SUPPORT OF MOTION PURSUANT TO FED. R. CIV. P. 56 FOR SUMMARY JUDGMENT ON BEHALF OF DEFENDANT MARY DAVIS

**SARETSKY KATZ & DRANOFF, L.L.P.**
**Attorneys for Defendant MARY DAVIS**

*Office and Post Office Address:*
**565 Taxter Road, Suite 210**
**Elmsford, New York 10523**
**Phone:  (212) 973-9797**
**FAX:  212-973-0939**

To:
Attorney(s) for

Service of a copy of the within                              is hereby admitted.
Dated:
          Attorney(s) for                    _____

COMPLIANCE PURSUANT TO 22 NYCRR §130-1.1-a
To the best of the undersigned's knowledge, information and belief formed after an inquiry reasonable under the circumstances, the within document(s) and contentions contained herein are not frivolous as defined in 22 NYCRR §130-1. 1-a.

_____                    Yours, etc.
                                              Saretsky Katz & Dranoff , LLP