UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
MARJORIE PHILLIPS,

                              Plaintiff,                       No. 20 Civ. 00221 (GBD)

   -against-

THE FASHION INSTITUTE OF TECHNOLOGY,
MARY DAVIS, and MARILYN BARTON,

                             Defendants.
-----------------------------------------------------------------x


# DEFENDANT BARTON'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT


**MENKEN SIMPSON & ROZGER LLP**

Bruce E. Menken
Raya F. Saksouk
80 Pine St., 33rd Fl.
T: 212-509-1616
F: 212-509-8088

*Attorneys for Defendant Marilyn Barton*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................1

ARGUMENT ..........................................................................................................................1

    I.    PLAINTIFF'S RULE 56.1 RESPONSES ARE WOEFULLY DEFICIENT..........1

    II.    PLAINTIFF FAILS TO ESTABLISH THAT DEFENDANT BARTON CAN BE HELD INDIVIDUALLY LIABLE FOR DISPARATE TREATMENT OR RETALIATION UNDER SECTION 1981 ..........................................................2

    III.    PLAINTIFF FAILS TO ESTABLISH THAT BARTON'S BEHAVIOR ON MAY 16, 2019, WAS "EXTRAORDINARILY SEVERE" OR RACIALLY MOTIVATED, DEFEATING HER 1981 HOSTILE WORK ENVIRONMENT CLAIM..........................................................................................................4

    IV.    PLAINTIFF'S DISCRIMINATION, RETALIATION, AND INTERFERENCE CLAIMS UNDER THE NYCHRL MUST ALSO BE DISMISSED......................8

    V.    PLAINTIFF CANNOT MEET HER BURDEN OF PROVING THAT BARTON INTENTIONALLY PLACED HER IN FEAR OF IMMINENT HARM.............10

CONCLUSION......................................................................................................................10

# **TABLE OF AUTHORITIES**

## FEDERAL CASES

*Abalola v. St. Luke's-Roosevelt Hosp. Ctr.*,
   No. 1:20-cv-6199-GHW, 2022 WL 973861 (S.D.N.Y. Mar. 30, 2022) ........................................ 4

*Allen v. Murray-Lazarus*,
   755 F. Supp. 2d 480 (S.D.N.Y. 2010),
   *aff'd*, 463 F. App'x 14 (2d Cir. 2012) ........................................................................................ 7

*Arch Specialty Ins. Co. v. TDL Restoration, Inc.*,
   No. 18-CV-6712, 2021 WL 1225447 (S.D.N.Y. Mar. 31, 2021) ................................................. 1

*Auz v. Century Carpet, Inc.*,
   No. 12 CIV. 417 LGS, 2014 WL 199511 (S.D.N.Y. Jan. 17, 2014) ............................................ 2

*Baity v. Kralik*,
   51 F. Supp. 3d 414 (S.D.N.Y. 2014) ........................................................................................ 1-2

*Burlington Indus., Inc. v. Ellerth*,
   524 U.S. 742 (1998) .................................................................................................................... 3

*Carroll v. Bayeriche Landesbank*,
   125 F. Supp. 2d 58 (S.D.N.Y. 2000) ......................................................................................... 10

*Castagna v. Luceno*,
   558 F. App'x 19 (2d Cir. 2014) ............................................................................................... 5-6

*Deebs v. Alston Transportation, Inc.*,
   346 F. App'x 654 (2d Cir. 2009) ........................................................................................... 6, 8-9

*De La Pena v. Metro. Life Ins. Co.*,
   953 F. Supp. 2d 416 (E.D.N.Y. 2013) ..................................................................................... 6-7

*Emanuel v. Gap, Inc.*,
   No. 19-CV-03617 (PMH), 2022 WL 3084317 (S.D.N.Y. Aug. 3, 2022) .................................... 2

*Ezagui v. City of New York*,
   726 F. Supp. 2d 275 (S.D.N.Y. 2010) ........................................................................................ 1

*Faragher v. City of Boca Raton*,
   524 U.S. 775 (1998) .................................................................................................................... 4

*French v. Erie Cty. Bd. of Elections*,
  No. 12-CV-00756A(F), 2015 WL 13681014 (W.D.N.Y. Mar. 3, 2015),
  *adopted by* 2018 WL 647470 (W.D.N.Y. Jan. 31, 2018) ................................................................3

*Frilando v. New York City Transit Auth.*,
  463 F. Supp. 3d 501 (S.D.N.Y. 2020) ...................................................................................................2

*Garvin v. Potter*,
  367 F. Supp. 2d 548 (S.D.N.Y. 2005) ............................................................................................ 6-7

*Hicks v. IBM*,
  44 F. Supp. 2d 593 (S.D.N.Y. 1999) .....................................................................................................3

*Holtz. v. Rockefeller & Co., Inc.*,
  258 F.3d 62 (2d Cir. 2001) ....................................................................................................................2

*Isakov v. HASC Ctr., Inc.*,
  No. 17-CV-5775 (BMC), 2018 WL 1114714 (E.D.N.Y. Feb. 27, 2018) .................................10

*Jean-Louis v. Am. Airlines*,
  No. 08-CV-3898 (FB), 2010 WL 3023943 (E.D.N.Y. July 30, 2010) ........................................3

*Kaytor v. Elec. Boat Corp.*,
  609 F.3d 537 (2d Cir. 2010) ............................................................................................................ 5-7

*Leizerovici v. HASC Ctr., Inc.*,
  No. 17-CV-5774 (BMC), 2018 WL 1115348 (E.D.N.Y. Feb. 27, 2018) ....................................9

*Loth v. City of New York*,
  No. 20 CIV. 9345 (GBD), 2021 WL 4311569 (S.D.N.Y. Sept. 21, 2021) ..................................8

*Martinez v. N.Y.C. Dep't of Educ*,
  No. 04–CIV–2728 (LTS)(DFE), 2008 WL 2220638 (S.D.N.Y. May 27, 2008) ..........................4

*Mathirampuzha v. Potter*,
  548 F.3d 70 (2d Cir. 2008) ................................................................................................................5, 7

*McKelvey v. DeJoy*,
  No. 3:20-CV-1591 (VLB), 2022 WL 2374495 (D. Conn. Jun. 30, 2022) ............................... 4-5

*Meiri v. Dacon*,
  759 F.2d 989 (2d Cir. 1985) .................................................................................................................5

*Quezada v. Roy*,
  No. 14 Civ. 4056 (CM), 2015 WL 5970355 (S.D.N.Y. Oct. 13, 2015) ......................................9

*Risco v. McHugh*,
  868 F.Supp.2d 75 (S.D.N.Y.2012)......................................................................................1

*Sletten v. LiquidHub, Inc.*,
  No. 13 CIV. 1146 NRB, 2014 WL 3388866 (S.D.N.Y. July 11, 2014) .......................................9

*Smalls v. Allstate Ins. Co.*,
  396 F. Supp. 2d 364 (S.D.N.Y. 2005)..................................................................................8

*Taveras v. HRV Mgmt.*,
  No. 17-CV-5211-SJB, 2020 WL 1501777 (E.D.N.Y. Mar. 24, 2020) ..........................................2

*Tepperwien v. Entergy Nuclear Operations, Inc.*,
  663 F.3d 556 (2d Cir. 2011)...............................................................................................3

*Terry v. Ashcroft*,
  336 F.3d 128 (2d Cir. 2003)...............................................................................................8

*TufAmerica, Inc. v. Codigo Music LLC*,
  162 F. Supp. 3d 295 (S.D.N.Y. 2016)..................................................................................9

*Vazquez v. Southside United Hous. Dev. Fund Corp.*,
  No. 06–CV–5997 (NGG)(LB), 2009 WL 2596490 (E.D.N.Y. Aug. 21, 2009) ..........................3

## RULES

Local Rule 56.1 ................................................................................................................ 1-2

Fed. R. Civ. P. 56............................................................................................................1

**PRELIMINARY STATEMENT**

Plaintiff's opposition fails to acknowledge the most crucial arguments in Defendant Barton's moving brief, relying instead on self-serving deposition testimony and conclusory statements to compensate for the lack of evidence that Barton acted with discriminatory intent *or* that her behavior was sufficiently severe to be actionable under the law. For these reasons, Defendant Barton's Motion for Summary Judgment must be granted in its entirety.

**ARGUMENT**

I.  **PLAINTIFF'S RULE 56.1 RESPONSES ARE WOEFULLY DEFICIENT**

At the outset, Plaintiff fails to refute the vast majority of assertions in Defendants' Rule 56.1 Statement of Material Facts, rendering several key facts undisputed for purposes of Defendants' motions for summary judgment. *Ezagui v. City of New York*, 726 F.Supp.2d 275, 285 n.8 (S.D.N.Y.2010). It is well settled that a party must "specifically respond" to each and every fact asserted in a Rule 56.1 Statement "and, if controverting any such fact, to support its position by citing to admissible evidence in the record." *Risco v. McHugh*, 868 F.Supp.2d 75, 86 n.2 (S.D.N.Y.2012), citing Local Rule 56.1(b), (d), and Fed. R. Civ. P. 56(c). Here, instead of citing evidence in the record that would demonstrate the existence of a genuine dispute of material fact, Plaintiff repeatedly relies on lengthy narrative objections, semantic disagreements, and improper assertions (sometimes pages long) that Defendants "omit" testimony and evidence. *See, e.g.,* Pl. 56.1 Responses ¶¶ 67-71, 133-58, 167, 169, 178-84. But "semantic objections," "irrelevant facts," and objections to "phraseology" are not proper denials. *See Arch Specialty Ins. Co. v. TDL Restoration, Inc.*, No. 18-CV-6712, 2021 WL 1225447, at *1 n.1 (S.D.N.Y. Mar. 31, 2021) (collecting cases); *Baity v. Kralik*, 51 F. Supp. 3d 414, 418 (S.D.N.Y. 2014) (collecting cases). In

1

the absence of specific citations to the record contravening Defendants' assertions, such responses can only be interpreted as full, unequivocal admissions. *Baity*, 51 F. Supp. 3d at 418.[1]

Plaintiff's "hearsay" objections must also be rejected. *See, e.g.,* SOF ¶ 177. "Hearsay evidence is admissible at the summary judgment stage if the contents would otherwise be admissible at trial." *Auz v. Century Carpet, Inc.*, No. 12 CIV. 417 LGS, 2014 WL 199511, at *1 n.1 (S.D.N.Y. Jan. 17, 2014). Where, as here, an out-of-court statement is made by someone who could testify at trial (Umilta Allsop, for example), or where a certain document could be properly authenticated at trial, that statement or document is properly considered on a motion for summary judgment. *See id.* (allowing hearsay evidence on the ground that declarant could possibly testify as a live witness at trial); *Frilando v. New York City Transit Auth.*, 463 F. Supp. 3d 501, 517 n.2 (S.D.N.Y. 2020) (same). Accordingly, Plaintiff's hearsay objections must be disregarded and, in the absence of specific citations to the record, the underlying facts must be deemed undisputed.

## II. PLAINTIFF FAILS TO ESTABLISH THAT DEFENDANT BARTON CAN BE HELD INDIVIDUALLY LIABLE FOR DISPARATE TREATEMENT OR RETALIATION UNDER SECTION 1981

At all times relevant to this action, Defendant Barton was an administrative assistant with absolutely no authority over Plaintiff or her employment. SOF ¶¶ 71, 73, 188. These facts are undisputed. Pl. 56.1 Responses ¶¶ 71, 73, 188. Still, Plaintiff asks the Court to hold her personally liable under Section 1981 of the 1866 Civil Rights Act for both disparate treatment and retaliation.

---

[1] Plaintiff also violates the local rules by failing to include specific line number citations to deposition transcripts and by failing to incorporate her Counterstatement into the same document as her responses. *See, e.g.,* Pl. 56.1 Counterstatement ¶¶ 4-7; *Taveras v. HRV Mgmt.*, No. 17-CV-5211-SJB, 2020 WL 1501777, at *2 (E.D.N.Y. Mar. 24, 2020) (disregarding statements which fail to provide specific line number citations to depositions); *Holtz. v. Rockefeller & Co., Inc.,* 258 F.3d 62, 74 (2d Cir. 2001) ("The purpose of Local Rule 56.1 is 'to streamline the consideration of summary judgment motions by freeing district courts from the need to hunt through voluminous records without guidance from the parties.'); *Emanuel v. Gap, Inc*., No. 19-CV-03617 (PMH), 2022 WL 3084317, at *5 n.6 (S.D.N.Y. Aug. 3, 2022) ("Under this Court's rules, a non-moving party's Rule 56.1 counterstatement must be contained in the same, single document that sets forth the movant's statement of undisputed facts and the non-moving party's responses.").

This position is untenable. As detailed in Defendant's moving brief, a coworker with no supervisory authority *cannot* be held individually liable for disparate treatment or retaliation under Section 1981. *See* Def. Barton MOL at 3-4, *citing French v. Erie Cty. Bd. of Elections*, No. 12-CV-00756A(F), 2015 WL 13681014, at *12 (W.D.N.Y. Mar. 3, 2015), *adopted by* 2018 WL 647470 (W.D.N.Y. Jan. 31, 2018); *Hicks v. IBM*, 44 F. Supp. 2d 593, 597–98 (S.D.N.Y. 1999); *Jean-Louis v. Am. Airlines*, No. 08-CV-3898 (FB), 2010 WL 3023943, at *4 (E.D.N.Y. July 30, 2010); *and citing Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762 (1998). Plaintiff fails to address this argument in her opposition, neglecting to cite even a single case that would support holding a coworker like Barton individually liable under the law. Barton is therefore entitled to summary judgment on this issue, and Plaintiff's 1981 disparate treatment and retaliation claims against her must be dismissed.

Even if this Court were to find that Barton *could* be held personally liable, that still would not lead to a ruling in Plaintiff's favor. Plaintiff fails to establish that Barton, her coworker, carried out an adverse employment action against her that could give rise to a disparate treatment claim. *See Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 762 (1998) ("Tangible employment actions fall within the special province of the supervisor."). And Plaintiff likewise fails to cite any pertinent authority suggesting Barton's behavior on May 16, 2019, was "materially adverse" for purposes of retaliation. In light of precedent establishing otherwise, this absence is telling. *See, e.g., Vazquez v. Southside United Hous. Dev. Fund Corp.*, No. 06–CV–5997 (NGG)(LB), 2009 WL 2596490, at *12 (E.D.N.Y. Aug. 21, 2009) ("Courts interpreting *Burlington Northern* have held that empty verbal threats do not cause an injury, and therefore are not materially adverse actions, where they are unsupported by any other actions."); *Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 571 (2d Cir. 2011) (characterizing threat "made in the course of a heated conversation" and

"never carried out" as "trivial harms" and "petty slights or minor annoyances"); *Martinez v. N.Y.C. Dep't of Educ.*, No. 04–CIV–2728 (LTS)(DFE), 2008 WL 2220638, at *12 (S.D.N.Y. May 27, 2008) (publicly yelling at an employee constitutes "as a matter of law, the sorts of petty slights and personality conflicts that are not actionable"). To the extent Plaintiff attempts to rely on her hostile work environment claim as a materially adverse action for purposes of retaliation, *see* Pl. MOL at 16-18, this too fails because she cannot establish that the events of May 16, 2019, were "extraordinarily severe," as discussed further *infra*, Point III. Thus, even if Barton could be held individually liable under Section 1981 as a matter of law (which she cannot), the fact remains that Plaintiff's arguments fail to establish the essential elements of her claims.

**III. PLAINTIFF FAILS TO ESTABLISH THAT BARTON'S BEHAVIOR ON MAY 16, 2019, WAS "EXTRAORDINARILY SEVERE" OR RACIALLY MOTIVATED, DEFEATING HER 1981 HOSTILE WORK ENVIRONMENT CLAIM**

In order to establish a hostile work environment claim under Section 1981, Plaintiff "must demonstrate either that a single incident was extraordinarily severe, or that a series of incidents were sufficiently continuous and concerted [*i.e.,* pervasive] to have altered the conditions of her working environment." *Abalola v. St. Luke's-Roosevelt Hosp. Ctr.*, No. 1:20-cv-6199-GHW, 2022 WL 973861, at *10 (S.D.N.Y. Mar. 30, 2022) (alteration added). Critically, she must also establish that race or discriminatory intent was the "but for" cause of the alleged hostile work environment. *Id.*, at *5. In her opposition, Plaintiff relies solely on the events of May 16, 2019, to establish her hostile work environment claim against Defendant Barton. Pl. at 63-67; *see McKelvey v. DeJoy*, No. 3:20-CV-1591 (VLB), 2022 WL 2374495, at *7 (D. Conn. Jun. 30, 2022) ("In the absence of the requisite 'pervasiveness,' Ms. McKelvey can only establish a hostile work environment if the May 5, 2020 incident was 'extraordinarily severe.'"). But this isolated incident with Plaintiff, a coworker, was not "extraordinarily severe" in the sense contemplated by the courts. *Faragher v.*

4

*City of Boca Raton*, 524 U.S. 775, 788 (1998) ("[C]onduct must be extreme to amount to a change in the terms and conditions of employment."); *see Mathirampuzha v. Potter*, 548 F.3d 70, 79 (2d Cir. 2008) (finding that, where supervisor grabbed plaintiff's arm, punched him in the arm, spit at him, and poked him in the eye, "[t]he physical encounter itself, while understandably upsetting, was not so severe as to alter materially the plaintiff's working conditions"); *McKelvey*, 2022 WL 2374495, at *7 (concluding that "a supervisor yelling at a subordinate for an extended period of time … cannot be considered 'extraordinarily severe'" on its own). And Plaintiff fails to introduce *any evidence*, aside from her own testimony, to support the argument that Barton's behavior was motivated by discriminatory animus. *See Deebs v. Alston Transportation, Inc.*, 346 F. App'x 654, 656 (2d Cir. 2009) (stating that self-serving deposition testimony, by itself, "is insufficient to defeat summary judgment"), *citing Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985) (allowing "a party to defeat a motion for summary judgment by offering purely conclusory allegations of discrimination, absent any concrete particulars, would necessitate a trial" in all employment discrimination actions); *McKelvey*, 2022 WL 2374495, at *8 (finding no hostile work environment where case was "centralized around a single incident in which the 'bad actor' did not explicitly use a racist, colorist, or ageist remark"). As in *McKelvey* and *Mathirampuzha*, no reasonable juror could find the elements of a hostile work environment met here.

      First, Plaintiff fails to establish that Barton's behavior in May 2019 was "extraordinarily severe" within the meaning of the law. She relies on two sex discrimination cases, *Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 540 (2d Cir. 2010), and *Castagna v. Luceno*, 558 F. App'x 19, 21 (2d Cir. 2014). But both of these cases are distinguishable. In each one, the individually named defendant was a man who *on multiple occasions* threatened to physically harm his female colleague(s). *Kaytor*, 609 F.3d at 540 (defendant "often wished [the plaintiff] dead" and threatened

5

to choke her on "at least six occasions"); *Castagna*, 558 F. App'x at 21 (defendant directed threats of physical harm at three female employees). Moreover, the fact that these are sexual harassment cases is important: "Courts rarely find limited incidents of physical violence without a sexual element to establish a hostile work environment." *De La Pena v. Metro. Life Ins. Co.*, 953 F. Supp. 2d 416, 416-17 (E.D.N.Y. 2013) (dismissing hostile work environment claim where manager made offensive comment about Filipinos and "hit [plaintiff] on the back, … pushing him forward into a desk"); *Garvin v. Potter*, 367 F. Supp. 2d 548, 567 (S.D.N.Y. 2005) (granting summary judgment for employer where individual's remarks that he would "put his foot up [the plaintiff's] ass" and break the plaintiff's thumb were "isolated incidents without any reference to hostility based on" protected class). Thus, even assuming for the sake of argument that Barton *did* push Plaintiff with her finger, as Plaintiff claims, this would not constitute a hostile work environment. And while the Second Circuit in *Kaytor* noted that a reasonable juror could permissibly find "any *serious* death threat or threat of physical harm" sufficiently severe for a hostile work environment, the undisputed facts establish that Barton's threat to "kill" Plaintiff (an isolated incident and aberration) was nowhere near "serious." *Kaytor*, 609 F.3d at 552 (emphasis added). On May 16, 2019, Defendant Barton was a woman in her fifties who, by Plaintiff's own admission, had never acted out before and who, at the time she made the "threat," was holding multiple coffee cups and stirrers and positioned on the side of Plaintiff's desk that had an approximately 12-inch vertical divider attached to it. SOF ¶¶ 174-75, 183. That Barton's threat was not "serious" is further supported by the fact that no one *other* than Plaintiff perceived Barton's threat as serious. Unlike in *Kaytor*, where the Second Circuit found the work environment "objectively abusive" in light of evidence that "several of Kaytor's coworkers who heard McCarthy's statements that he wanted to choke Kaytor advised her that she should be concerned"—plus evidence that Kaytor's own "doctor

6

told her she should be concerned"—Plaintiff cites no such evidence in this case. *Kaytor*, 609 F.3d at 552. Even assuming, *arguendo*, that Barton physically pushed Plaintiff with her finger while she threatened to "kill" her,[2] this cannot reasonably constitute a "serious threat" in a non-sex harassment context and under the circumstances here. *See De La Pena*, 953 F. Supp. 2d at 416-17; *Garvin*, 367 F. Supp. 2d at 567; *Mathirampuzha*, 548 F.3d at 79.

Finally, there is no evidence that Barton's behavior was racially motivated. In support of her argument, Plaintiff merely repeats her own testimony that, as far as she knows, Barton had never acted the same way toward a white person. Pl. at 65-66. This, standing alone, cannot defeat summary judgment. *Allen v. Murray-Lazarus*, 755 F. Supp. 2d 480, 484-85 (S.D.N.Y. 2010), *aff'd*, 463 F. App'x 14 (2d Cir. 2012) (plaintiff failed to establish discriminatory intent based on his testimony that "he did not observe [the defendant] criticize white teachers for acting in a similar way"). The fact is: Barton had never acted this way *period*. In the eight years Phillips and Barton worked together in close quarters, nothing like this had ever happened before, with anyone. SOF ¶¶ 182-83. Plaintiff admits this. *Id*. And Plaintiff concedes that Barton's remarks on May 16, 2019—when, presumably, she was at her most uninhibited—were both race-neutral and uttered because "she was sick and tired of my shit." SOF ¶¶ 179-81. In fact, in the immediate aftermath of the incident, Plaintiff described Barton's behavior not as racism (or retaliation), but as a "difference of opinion about an office matter." SOF ¶ 185. This comports with Barton's own account of her behavior that day. SOF ¶¶ 167-73 (explaining she felt criticized by Plaintiff, that she tried to end the interaction, that Plaintiff kept pressing her, and that she acted in response to feeling "attacked and threatened" by criticism). The only race-related comment Plaintiff can point to is Barton's reference to the historical "three-fifths compromise" in November 2016, two and a

---

[2] As detailed in the witness statement of Umilta Allsop, Barton's physical contact with Plaintiff was incidental and caused by Plaintiff standing up when she did. SOF ¶ 177.

7

half years earlier. Ex. K1 at 76 (describing three-fifths comment as "the one time Marilyn decide[d] to discuss race"). But even this, Plaintiff admits, may have been an "educational moment" about politics and a reference to racism in the Trump Administration. SOF ¶¶ 91-95; *Loth v. City of New York*, No. 20 CIV. 9345 (GBD), 2021 WL 4311569, at *9 (S.D.N.Y. Sept. 21, 2021) ("Where a remark is 'ambiguous' as to whether it reflects 'discriminatory animus' it is not sufficient to support an inference of discrimination.") (internal citations and quotation marks omitted). Ultimately, in the absence of any evidence that race was the "but for" cause of Barton's behavior in May 2019, Plaintiff's "speculations, generalities, and gut feelings, however genuine, when they are not supported by specific facts, do not allow for an inference of discrimination to be drawn." *Smalls v. Allstate Ins. Co.*, 396 F. Supp. 2d 364, 371 (S.D.N.Y. 2005).[3]

## IV. PLAINTIFF'S DISCRIMINATION, RETALIATION, AND INTERFERENCE CLAIMS UNDER THE NYCHRL MUST ALSO BE DISMISSED

Plaintiffs' discrimination claims under the NYCHRL fail for the same reasons as her 1981 claims. Namely, she cannot establish that any of Barton's behavior on May 16, 2019 (the only incident she seems to rely on to make out these claims) was "because of" race. *See* Point III, *supra*. Nor can she establish that her behavior was "materially adverse" for retaliation purposes, or that Barton's heat-of-the-moment reaction to Plaintiff's criticism was motivated by retaliatory animus. As discussed in Defendant FIT's reply brief (*see* p. 10), the fact that Barton mentioned Plaintiff's AAO complaint while explaining the context of their relationship to an FIT investigator is not evidence that Barton had Plaintiff's complaint in mind *on* May 16, 2019. Indeed, as Plaintiff admits, Barton's behavior was prompted not by retaliatory animus, but by their disagreement over

---

[3] Plaintiff's reliance on *Terry v. Ashcroft*, 336 F.3d 128, 150 (2d Cir. 2003), is meritless. In *Terry*, a *non-party witness* testified that the defendant "race-baited" and "treated white employees with contempt[] but was warm with non-white employees." The Second Circuit did not rely solely on the plaintiff's own testimony, as Plaintiff asks the Court to do here. *See Deebs*, 346 F. App'x at 656.

an "office matter." SOF ¶ 185. Plaintiff's reliance on *Quezada v. Roy*, No. 14 Civ. 4056 (CM), 2015 WL 5970355, at *23 (S.D.N.Y. Oct. 13, 2015), is entirely misplaced. *See* Pl. at 68. In *Quezada*, a corrections officer threatened to kill a *pro se* prisoner. *Id.* The prisoner was then physically assaulted by multiple corrections officers in retaliation for his complaints—the culmination of months of harassing and physically threatening conduct. *Id.*, at *7. *Quezada*, in other words, could not be farther removed from the realities of this case, in which an administrative assistant yelled at her coworker once in eight years because of an office matter and, in the heat of the moment, uttered empty and non-literal "threats" to "kill" her.

As for her NYCHRL interference claim, Plaintiff once again relies solely on her own self-serving deposition testimony to establish that Barton created an "impression of impending injury." *Sletten v. LiquidHub, Inc*., No. 13 CIV. 1146 NRB, 2014 WL 3388866, at *5 (S.D.N.Y. July 11, 2014). This, as noted, is insufficient to defeat summary judgment, *Deebs*, 346 F. App'x at 656—particularly where, as here, the deposition testimony in question is contradicted by at least one document in the record and by Plaintiff herself. *TufAmerica, Inc. v. Codigo Music LLC*, 162 F. Supp. 3d 295, 324 (S.D.N.Y. 2016). Though Plaintiff testified that Barton "put her hands on [her] chest" and relies on that testimony in support of her interference claim, she now states that Barton "placed her index finger on [her] chest and prodded it back and forth." Pl. at 64, 71. Plaintiff also testified that, despite claiming to be in fear for her life, she took the train home on May 16, 2019—alone—and that she did not go to a police precinct that day. Ex. C at 331:13-332:12. The witness statement of Umilta Allsop further undermines Plaintiff's testimony by establishing that any physical contact between the two women was incidental and, at most, benign. *See* SOF ¶ 177. That Barton's conduct was insufficient to establish a "threat" for interference purposes is confirmed by the case law. *See Leizerovici v. HASC Ctr., Inc.*, No. 17-CV-5774 (BMC), 2018 WL 1115348, at

9

\*12 (E.D.N.Y. Feb. 27, 2018) (plaintiff stated claim for interference by alleging employer made threat to *terminate employment*); *Isakov v. HASC Ctr., Inc.*, No. 17-CV-5775 (BMC), 2018 WL 1114714, at \*11 (E.D.N.Y. Feb. 27, 2018) (same). Plaintiff's NYCHRL claims against Barton must therefore be dismissed.

### V. PLAINTIFF CANNOT MEET HER BURDEN OF PROVING THAT BARTON INTENTIONALLY PLACED HER IN FEAR OF IMMINENT HARM

As with her hostile work environment and NYCHRL claims, Plaintiff cites no evidence other than her own testimony to support her common law assault claim. She cites no analogous case law, instead making conclusory statements about Barton's intent—which, in order for her to be held liable, must have been an intent to place Phillips "in fear of imminent harmful or offensive contact." Pl. at 72-74; *see* SOF ¶ 172 (Barton testimony that she "didn't mean" it and that "it's something people say sometimes in anger"). Nor does she address the reasonableness of her "imminent apprehension of harmful contact"—another essential element of an assault claim. *See Carroll v. Bayeriche Landesbank*, 125 F. Supp. 2d 58, 65 (S.D.N.Y. 2000) ("Words not accompanied by circumstances inducing a reasonable apprehension of bodily harm, such as movements of *drawing back a fist, aiming a blow, or the show of a weapon,* do not constitute an assault.") (internal quotation marks and citation omitted, emphasis added). This alone warrants dismissal of her claim.

### CONCLUSION

In light of the foregoing, Defendant Barton respectfully requests an Order from the Court granting her motion for summary judgment in its entirety.

Dated: January 13, 2023
New York, New York

        MENKEN SIMPSON & ROZGER LLP

        *s/ Bruce E. Menken*
        *s/ Raya F. Saksouk*
        80 Pine St., 33rd Fl.
        New York, NY 10005
        T: 212-509-1616
        F: 212-509-8088
        bmenken@nyemployeelaw.com
        rsaksouk@nyemployeelaw.com

        *Attorneys for Defendant Barton*