USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 8/30/2024

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARJORIE PHILLIPS,

                         Plaintiff,                    20-CV-00221 (GBD)(SN)

        -against-                                    ORDER

FASHION INSTITUTE OF TECHNOLOGY, et al.,

                        Defendants.

-----------------------------------------------------------------X

**SARAH NETBURN, United States Magistrate Judge.**

      Marjorie Phillips (the "Plaintiff") moves to seal documents filed in connection with her opposition to Defendant Fashion Institute of Technology's ("FIT") motion for costs. ECF No. 146. Those documents include an affidavit from the Plaintiff describing her assets and liabilities, as well as exhibits of financial documents, including copies of paystubs, bank statements, and account balances. ECF No. 147. FIT consents to the Court sealing the Plaintiff's supporting exhibits but asks the Court to unseal her affidavit. I previously granted the Plaintiff's sealing request in the interim but noted that I may revisit the issuing when addressing FIT's underlying motion for costs. ECF No. 151. Today, I addressed FIT's underlying motion by separate report and recommendation and accordingly revisit the Plaintiff's motion to seal.

## DISCUSSION

      "The common law right of public access to judicial documents is firmly rooted in our nation's history." Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 119 (2d Cir. 2006). This strong presumption of access "is based on the need for federal courts . . . to have a measure of accountability and for the public to have confidence in the administration of justice." Id. (quoting

United States v. Amodeo, 71 F.3d 1044, 1048 (2d Cir. 1995)). Documents are considered "judicial documents" if they are "relevant to the performance of the judicial function and useful in the judicial process." Brown v. Maxwell, 929 F.3d 41, 49 (2d Cir. 2019) (citation omitted). In my report and recommendation, I rely on the Plaintiff's affidavit and financial documents to find that the Plaintiff is not indigent and to recommend that the Court award FIT the costs it seeks. Accordingly, such documents are "relevant to the performance of the judicial function" and qualify as judicial documents. The Plaintiff does not seem to dispute this.

After finding that documents are judicial documents to which the common law presumption of access attaches, courts must "balance competing considerations against" that presumption. Lugosch, 435 F.3d at 120 (citation omitted). The sealing of judicial documents "may be justified only with specific, on-the-record findings that sealing is necessary to preserve higher values and only if the sealing order is narrowly tailored to achieve that aim." Id. at 124. The interests in favor of non-disclosure can include "the privacy interests of those resisting disclosure." Walker v. City of New York, No. 15-cv-500, 2017 WL 2799159, at *6 (E.D.N.Y. June 27, 2017). The moving party must make a "particular and specific demonstration of fact showing that disclosure would result in an injury sufficiently serious to warrant protection." Ashmore v. CGI Grp. Inc., 138 F. Supp. 3d 329, 351 (S.D.N.Y. 2015), aff'd, 923 F.3d 260 (2d Cir. 2019).

The Plaintiff argues that her privacy interest in her financial documents overcomes the presumption of public access. In the Plaintiff's view, her affidavit "consists of information concerning her private financial information and is accompanied by documents such as bank statements, loan statements, etc., information which 'could be used to work a financial fraud on [the Plaintiff] or others.'" Pl. Ltr., at 2 (citing Prescient Acquisition Grp., Inc. v. MJ Pub. Tr.,

487 F. Supp. 2d 374, 277 (S.D.N.Y. 2007)). The personal banking details outlined in the Plaintiff's exhibits could subject her to financial fraud if unsealed. They also tend to reveal individual transactions that are not relevant to the Court's decision. Accordingly, as to the exhibits, the Plaintiff's privacy rights outweigh the need for public access, and those documents may remain under seal. The only information in the Plaintiff's affidavit that could subject her to a financial fraud are references to the names of her banking institutions, which the Plaintiff can redact. Accordingly, by September 3, 2024, the Plaintiff is ORDERED to publicly file her affidavit with the names of her banking institutions redacted.

## CONCLUSION

The Plaintiff's motion to seal is GRANTED in part. The Plaintiff's supporting exhibits may remain under seal. By September 3, 2024, the Plaintiff is ORDERED to publicly file her affidavit with the names of her banking institutions redacted.

**SO ORDERED.**

SARAH NETBURN
United States Magistrate Judge

DATED: August 30, 2024
New York, New York

3