UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

MARJORIE PHILLIPS,

                        **Plaintiff,**

      -against-

FASHION INSTITUTE OF TECHNOLOGY, et al.,

                        **Defendants.**

-----------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 9/6/2024

20-CV-00221 (GBD)(SN)

**OPINION & ORDER**

**SARAH NETBURN, United States Magistrate Judge.**

    Defendant Fashion Institute of Technology ("FIT") has filed a motion seeking sanctions against Plaintiff's counsel Derek Sells of the Cochran Firm for allegedly violating Rule 4.2(a) of the New York State Rules of Professional Conduct. Mr. Sells opposes the motion. The Court finds that Mr. Sells violated Rule 4.2(a) when he knowingly communicated with a represented party and, as a sanction, orders him to pay FIT all attorneys' fees it has incurred in connection with its motion.

## RELEVANT BACKGROUND

    Over four years ago, the Plaintiff, an FIT employee, sued FIT, her supervisor, and a co-worker for employment discrimination and retaliation. ECF No. 1. Since the outset of this litigation, Nixon Peabody, LLP has represented FIT. ECF No. 12. For the past three years, Derek Sells has represented the Plaintiff. ECF No. 40.

    Following discovery, the district court granted summary judgment for all Defendants on all claims and closed the case. ECF No. 111. The Plaintiff appealed that decision. In March 2024, the Second Circuit Court of Appeals affirmed the district court's dismissal of the claims

against FIT and the Plaintiff's supervisor, Mary Davis. ECF No. 119. The Court of Appeals, however, reversed the district court's dismissal of the claims against the Plaintiff's co-worker, Marilyn Barton. Id. Accordingly, the dismissal of all claims against FIT and Davis was affirmed, but the claims against Barton have been remanded to the district court for trial. Following the Court of Appeals' decision, FIT filed a motion seeking entry of final judgment and taxable costs under Rule 54 of the Federal Rules of Civil Procedure, which the Plaintiff opposed. ECF Nos. 123, 126. The Court scheduled a conference for July 18, 2024, to discuss FIT's motion. ECF No. 133. The Court ordered the parties to meet and confer before the conference regarding whether they could settle the issues raised by FIT. Id.

Two days before the scheduled conference, counsel for the Plaintiff, Derek Sells and Tracey Brown, and counsel for FIT, Tara Daub of Nixon Peabody, spoke on the phone about FIT's motion for entry of final judgment and costs. On that call, Mr. Sells proposed that FIT settle its motion for costs by paying the Plaintiff. ECF No. 149, Daub Decl., ¶ 9. Ms. Daub rejected that offer. Id. Two days later, at the court conference, Ms. Brown argued that FIT's attempt to recover costs constituted retaliation against the Plaintiff and noted that her firm had made the same argument in a "demand letter" (the "Demand Letter") that the Plaintiff's counsel had sent the day before. ECF No. 154, July 18, 2024 Tr., 11:2-15. Ms. Daub responded that she was "not aware of any demand letter." Id. at 15:23.

The following week, when Ms. Daub still had not received the Demand Letter, she emailed Mr. Sells. Mr. Sells then forwarded Ms. Daub an email with the Demand Letter attached. The Demand Letter was dated July 16, 2024 (the day of counsel's meet and confer) and was addressed to four FIT leaders: the President of FIT, its General Counsel, the Affirmative Action Officer, and the Vice President for Human Resources, the latter two of whom were deposed in this case. It was not sent to Ms. Daub or any other Nixon Peabody attorney. The

2

Demand Letter, signed by Mr. Sells, was captioned "RE: Marjorie Phillips v. Fashion Institute of Technology, et al." and was written by "counsel of record for Plaintiff Marjorie Phillips in the above referenced matter." Daub Decl., Ex. C (the "Demand Letter"). It argued that FIT discriminated against the Plaintiff in its "decision to pursue costs of litigation against Ms. Phillips following the upholding of the dismissal of her claims against FIT," and that the "act of seeking Rule 54 costs discriminatorily and arbitrarily against Ms. Phillips" is "an act that would reasonably likely deter a victim of discrimination from taking legal action," as Ms. Phillips has. The Demand Letter requested that the recipients "treat this letter with the appropriate level of discretion and confidentiality. . . ."

FIT argues that Mr. Sells violated Rule 4.2(a) of the New York State Rules of Professional Conduct by communicating directly with the FIT leaders, and that he should be sanctioned pursuant to the Court's inherent power. FIT requests that the Court sanction Mr. Sells: "(i) by declaring that the unethical Demand Letter be inadmissible for any purpose in this litigation or any related litigation, (ii) by issuing an order requiring Plaintiff's counsel to pay FIT's attorneys fees' in connection with this motion, (iii) by issuing a protective order barring Plaintiff's counsel and his firm from directly contacting FIT and barring frivolous claims based on the facts alleged in the Demand Letter, and (iv) by referring Plaintiff's counsel's actions to the Court's Committee on Grievances in accordance with Local Civil Rule 1.5." Def. Br. at 14. Mr. Sells responds that his conduct did not violate his ethical obligations, and he opposes all relief sought by FIT.

About one week after FIT filed its motion for sanctions, Mr. Sells filed a new complaint in state court on behalf of the Plaintiff. ECF No. 153, Brown Decl., Ex. 5. In that complaint, the Plaintiff's claims closely mirror those in the Demand Letter. She alleges that FIT and several individual FIT employees unlawfully discriminated against her by: (1) seeking costs in this

3

action, (2) seeking sanctions against Mr. Sells in this action, and (3) denying the Plaintiff's request to be transferred to a private office. Id. FIT removed the case to the Southern District of New York, and it has been assigned Case No. 24-cv-6475.

## DISCUSSION

Under its inherent sanctioning power, a federal court can impose sanctions when counsel has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." Cretella v. Liriano, 370 F. App'x 157, 159 (2d Cir. 2010). "The district court must find bad faith in order to impose such sanctions and bad faith must be shown by 'clear evidence' that the actions in question are taken for 'harassment or delay or . . . other improper purposes.'" Id. "A finding of bad faith . . . must be supported by a high degree of specificity in the factual findings." Wolters Kluwer Fin. Servs. v. Scivantage, 564 F.3d 110, 114 (2d Cir. 2009).

Attorneys practicing in this District are expected to follow the New York State Rules of Professional Conduct. See Local Civ. Rule 1.5(b)(5). "Although disciplinary rules and rules of professional responsibility are not statutorily mandated, federal courts enforce professional responsibility standards pursuant to their general supervisory authority over members of the bar." SEC v. Lines, 669 F. Supp. 2d 460, 463 (S.D.N.Y. 2009). Rule 4.2(a) provides:

> In representing a client, a lawyer shall not communicate or cause another to communicate about the subject of the representation with a party the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the prior consent of the other lawyer or is authorized to do so by law.

22 N.Y.C.R.R. § 1200.0; N.Y. Rules of Prof. Conduct 4.2(a). By sending the Demand Letter to FIT's President about its "decision to pursue costs of litigation against Ms. Phillips following the upholding of the dismissal of her claims against FIT," Demand Ltr., Mr. Sells plainly "communicated about the subject of the representation with a party the lawyer knows to be represented," Rule 4.2(a).

4

Mr. Sells argues that his conduct did not violate Rule 4.2(a) because: (1) Nixon Peabody represents FIT, but not its President or the other recipients, (2) the Demand Letter did not pertain to this litigation, but was related to the Plaintiff's new case, and (3) "the nature of the communication was made clear to Ms. Daub prior to the complaint being sent," meaning that Mr. Sells provided Ms. Daub with "reasonable advance notice" pursuant to Rule 4.2(b). Each argument fails.

First, Comment 7 to Rule 4.2 clarifies which individual employees at a represented organization qualify as "parties" for the Rule's purposes:

> In the case of a represented organization, paragraph (a) ordinarily prohibits communications with a constituent of the organization who: (i) supervises, directs or regularly consults with the organization's lawyer concerning the matter, (ii) has authority to obligate the organization with respect to the matter, or (iii) whose act or omission in connection with the matter may be imputed to the organization for purposes of civil or criminal liability.

Mr. Sells sent the Demand Letter to FIT's President, General Counsel, Affirmative Action Officer, and Vice President for Human Resources. The Court does not know enough about the roles of the Affirmative Action Officer or the Vice President for Human Resources to decide whether they hold the authority described in Comment 7.[1] The President, however, surely holds "the authority to obligate" FIT with respect to this case. Accordingly, the President qualifies as a "party" to this litigation for purposes of Rule 4.2(a).

Second, the Demand Letter indisputably relates to this litigation. The "re:" line is "Marjorie Phillips v. Fashion Institute of Technology, et al.," and it introduces Mr. Sells as "counsel of record for Plaintiff Marjorie Phillips in the above-referenced matter." Mr. Sells attempts to characterize the Demand Letter as related only to the Plaintiff's newly filed case. But

---

[1] That said, Nixon Peabody represented these officers at their depositions in this case. Def. Reply at note 3.

when the Demand Letter was sent, the state court case had not yet been filed. Accordingly, Marjorie Phillips was a plaintiff only in this case, Mr. Sells was "counsel of record" only in this case, and this was the only case with the name "Marjorie Phillips v. Fashion Institute of Technology, et al." Additionally, the first paragraph of the Demand Letter addresses "FIT's decision to pursue costs of litigation against Ms. Phillips following the upholding of the dismissal of her claims against FIT by the U.S. Court of Appeals for the Second Circuit." Even if the Demand Letter could be construed as a complaint "made in accordance with FIT's non-discrimination and anti-harassment policy," as Mr. Sells argues, see Pl. Opp. at 6, it nonetheless describes motions pending in this case and therefore relates to Nixon Peabody's representation of FIT. Further demonstrating its connection to this case, Mr. Sells's colleague, Ms. Brown, inserted the Demand Letter in this case by affirmatively raising it with the Court at the July 18, 2024 conference. For these reasons, the Demand Letter clearly pertains to Nixon Peabody's representation of FIT. Mr. Sells's argument to the contrary is made in bad faith, as it requires ignoring both the Letter itself and Ms. Brown's representations on the record.

Third, Mr. Sells reliance on Rule 4.2(b), which governs party-to-party communications, is improper. Rule 4.2(b) requires "reasonable advance notice" for a lawyer to "cause a client to communicate with a represented person." N.Y. Rules of Pro. Conduct 4.2(b). Mr. Sells argues that under that Rule, he committed no ethical violation because he provided Ms. Daub "reasonable advanced notice" of the Demand Letter by advising her that the Plaintiff "believes that the actions of FIT seeking costs against her are discriminatory and retaliatory, and that she would be making a complaint in that regard." ECF No. 153, Brown Decl., ¶ 4. But Rule 4.2(b) does not apply because Mr. Sells did not cause the Plaintiff to communicate with FIT's leaders; he communicated with them himself. Thus, Rule 4.2(a) governs his conduct, and it requires "prior consent of the other lawyer" instead of "reasonable advanced notice." N.Y. Rules of Pro.

Conduct r. 4.2(a). Based on Ms. Daub's declaration, Mr. Sells did not obtain her consent before he sent the Demand Letter to her client. Mr. Sells presents no evidence to the contrary. Accordingly, Mr. Sells violated Rule 4.2(a).

The Court further finds that Mr. Sells violated Rule 4.2(a) in bad faith. On July 16, 2024, Ms. Daub did not agree to Mr. Sells's settlement proposal. He then communicated directly with a represented party about the same subject matter. The Court can infer that Mr. Sells did not include Ms. Daub on that communication because he did not want her to see it, which constitutes an improper purpose. See also Demand Ltr. at 3 ("We expect that you will treat this letter with the appropriate degree of discretion and confidentiality. . . ."). Mr. Sells has not filed any declaration explaining otherwise. For example, he has not described his Rule 4.2(a) violation as an accident or a mistake, and he has not apologized to Nixon Peabody, FIT, or the Court. Instead, he has chosen to make frivolous arguments that further evince his bad faith. Sanctions are, accordingly, appropriate.

As sanctions, FIT seeks: (1) attorneys' fees, (2) an order prohibiting Mr. Sells and his firm from contacting FIT, (3) an order excluding the Demand Letter from evidence in future litigation, (4) an order barring any future litigation related to the issues raised in the Demand Letter, and (5) a referral to the Committee on Grievances. Def. Br. at 14.

FIT asks that Mr. Sells pay all fees incurred by FIT in connection with this motion. Attorneys' fees are an appropriate sanction for a Rule 4.2 violation. See, e.g., Rosario v. 2022 Eastchester, LLC, No. 20-cv-09182 (SHS), 2022 WL 7557701, at *9 (S.D.N.Y. Oct. 13, 2022) (ordering an attorney who violated Rule 4.2 and made bad faith arguments to "'personally satisfy the excess costs, expenses, and attorneys' fees' associated with litigating" the motion for sanctions). See also 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the

excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.") Accordingly, Mr. Sells is ORDERED to pay FIT all attorneys' fees incurred by FIT in relation to its motion for sanctions.

FIT also asks for a protective order barring Mr. Sells and his firm from directly contacting FIT. For the reasons explained above, Rule 4.2(a) already prohibits such conduct. But for the avoidance of doubt, the Court ORDERS that Mr. Sells and other attorneys at the Cochran Firm cannot contact any FIT employees meeting the criteria of Comment 7 to Rule 4.2 about this litigation without first receiving Nixon Peabody's explicit permission to do so.

The Court declines to issue the other sanctions sought by FIT. FIT asks the Court to declare "that the unethical Demand Letter be inadmissible for any purpose in this litigation or any related litigation" and asks for a protective order "barring frivolous claims based on the facts alleged in the Demand Letter." Def. Br. at 14. Such sanctions would prejudice the Plaintiff, rather than punish Mr. Sells. The Plaintiff did not choose for her attorney to commit an ethical violation and accordingly should not suffer any prejudice as a result. Additionally, the Rules of Professional Conduct already provide that a lawyer "shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous." N.Y. Rules of Pro. Conduct 3.1(a); see also Fed. R. Civ. P. 11(b). The Plaintiff has already filed a new case based on the facts in the Demand Letter. If the Plaintiff's complaint in that new case is frivolous, FIT can move to dismiss it and, if appropriate, for sanctions. At this juncture in this litigation, however, it would be inappropriate for the Court to dismiss an entirely separate case.

Finally, FIT asks the Court to refer Mr. Sells to the Court's Committee on Grievances. If a court becomes aware of an ethical violation, it should either "report the attorney who committed the ethical breach *or* fashion an alternative sanction." Shuler v. Liberty Consulting

Servs., No. 20-cv-5779 (KAM) (CLP), 2022 WL 1552039, at *9 (S.D.N.Y. Apr. 4, 2022), R. & R. adopted, 2022 WL 1564109 (May 2, 2022) (quoting People v. Perez, 37 Misc. 3d 272, 293 (N.Y. Sup. Ct. 2012)) (emphasis added). Because the Court addresses Mr. Sells's ethical violation and sanctions him, it would not serve judicial economy for the Committee on Grievances to address the same issues. The Court, however, warns Mr. Sells that future violations of the Rules of Professional Conduct or other breaches of his ethical duties may result in a referral to the Committee on Grievances, and that this Order will be part of that record.

## CONCLUSION

Derek Sells has, in bad faith, violated Rule 4.2(a) of the New York State Rules of Professional Conduct. As a sanction, he is ORDERED to pay all attorneys' fees incurred by FIT in connection with its motion for sanctions. The parties are ORDERED to meet and confer on the fees owed. If they cannot reach an agreement, FIT shall file a two-page letter and appropriate billing records by September 20, 2024. Mr. Sells may file a two-page response by September 27, 2024. The Clerk of Court is respectfully directed to grant the motion at ECF No. 148.

**SO ORDERED.**

_____
SARAH NETBURN
United States Magistrate Judge

DATED:   September 6, 2024
         New York, New York