UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MARJORIE PHILLIPS,

                    Plaintiff,

        -against-

FASHION INSTITUTE OF TECHNOLOGY,
et al.,

                    Defendants.

---

20-CV-00221 (GBD)(SN)

**ORDER GRANTING
PRO BONO COUNSEL**

George B. Daniels, United States District Judge:

This Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance

for the purpose of pretrial assistance and trial in the above-captioned action for the benefit of

Defendant Marilyn Barton.  Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any

person unable to afford counsel." 28 U.S.C. § 1915(e)(1).  Unlike in criminal cases, in civil cases,

there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*,

802 F.2d 58, 60 (2d Cir. 1986).  Instead, the courts have "broad discretion" when deciding whether to

seek *pro bono* representation for a civil litigant. *Id.*  Even if a court does believe that a litigant should

have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel,

but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist.*

*Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–10 (1989).  Moreover, courts do not have funds to

pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly,

and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-

lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877

F.2d 170, 172–73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61–62. The court must consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If this threshold requirement is met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.* at 61–62; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including the litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392–93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

In the Complaint, Plaintiff asserts claims against her employer the Fashion Institute of Technology, supervisor Mary Davis, and coworker Marilyn Barton for race-based discrimination, disparate treatment, retaliation, hostile work environment and interference with protected rights in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C § 2000e *et. seq.* ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), the New York State Human Rights Law, N.Y. Exec. Law § 290 *et. seq.* ("NYSHRL"), and the New York City Administrative Code § 8-107(1) ("NYCHRL"). (Complaint ("Compl."), ECF No. 5.) Defendants moved for summary judgment pursuant to Federal Rule of Civil Procedure 56, seeking dismissal of Plaintiff's claims. (ECF Nos. 79, 80, 81, 86.) This Court granted summary judgment for Defendants on all claims. (*See* Mem. Decision and Order, ECF No. 111.) Plaintiff subsequently appealed dismissal, and the Second Circuit vacated this Court's grant of

2

summary judgment on Phillips's Section 1981, NYSHRL, and NYCHRL retaliation claims against

Marilyn Barton.  (Order of USCA, ECF No. 119.)  Plaintiff now intends to proceed to trial against

Barton.  The next pretrial conference is scheduled for November 21, 2024.  (Minute Entry dated Sept.

5, 2024.)

Marilyn Barton was previously represented by counsel, but her attorneys withdrew in July

2024.  (Mot. To Withdraw, ECF No. 137.)  Both Barton and her attorneys submitted declarations

stating that Barton lacked the funds necessary to pay any legal fees.  (Decl. Bruce E. Menken, ECF No.

138; Decl. of Marilyn Barton, ECF No, 139.)

This Court will request that counsel appear for the limited purpose of providing Defendant

Marilyn Barton with assistance leading up to and during trial.  In addition, pro bono counsel may

engage in settlement discussions.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono

Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-

pocket expenses spent in furtherance of Defendant's case.  The Pro Bono Fund is especially intended

for attorneys for whom pro bono service is a financial hardship.  *See* Am. Standing Order, *In re The*

*Creation and Admin. of the Pro Bono Fund*, 16-MC-0078 (S.D.N.Y. 2017),

https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Pro bono counsel will not be obligated for any aspect of Defendant's representation beyond the

matters described in this order.  In particular, pro bono counsel will not be required to respond to a

dispositive motion.  In the event that Plaintiff files a dispositive motion, pro bono counsel may seek

appropriate relief, including an extension of Defendant's time to respond, or an expansion of pro bono

counsel's role to include responding to the motion.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Defendant in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendant or to this Court in this matter.

## CONCLUSION

For the foregoing reasons, the Clerk of Court is directed to attempt to locate pro bono counsel to represent Defendant for the limited purposes described above. This Court advises Defendant that there are no funds to retain counsel in civil cases and this Court relies on volunteers. Due to a scarcity of volunteer attorneys, a lengthy period of time may pass before counsel volunteers to represent Defendant. If an attorney volunteers, the attorney will contact Defendant directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Defendant should be prepared to proceed with the case without an attorney.

This Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated:    September 26, 2024                                SO ORDERED.
          New York, New York

                                                           _George B. Daniels_
                                                           GEORGE B. DANIELS
                                                           United States District Judge

4