**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MARJORIE PHILLIPS,
                                  Plaintiff,

                   -against-

THE FASHION INSTUTUTE OF TECHNOLOGY,
MARY DAVIS, and MARILYN BARTON,

                           Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:

MEMORANDUM DECISION
AND ORDER

20 Civ. 00221 (GBD) (SN)

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

    Plaintiff Marjorie Phillips, a Fashion Institute of Technology ("FIT") employee, sued FIT, her supervisor Mary Davis, and her co-worker Marilyn Barton for employment discrimination and retaliation. This Court granted summary judgment for all Defendants on all claims and closed the case. (Mem. Decision and Order, ECF No. 111.) On appeal, the Second Circuit Court of Appeals affirmed this Court's dismissal of all claims against FIT and Davis. (USCA Summary Order, ECF No. 119.) However, the Second Circuit reversed dismissal of the retaliation claims against Barton and remanded those claims to this Court for trial. (*Id.*)

    Defendant FIT now seeks entry of a final judgment in its favor and an award of $15,983.75 in costs as a prevailing party in this litigation. (*See* Mot. for Judgment and Award of Costs, ECF No. 123.) Before this Court is Magistrate Judge Sarah Netburn's August 30, 2024 Report and Recommendation to grant Defendant's motion in its entirety by entering final judgment in favor of FIT and Davis and awarding FIT $15,983.75 in costs. (Report & Recommendation ("Report"),

ECF No. 158, at 6.) No party filed objections to the Report. Having reviewed the Report for clear error and finding none, this Court **ADOPTS** the Report in its entirety.

## I.    LEGAL STANDARD

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or recommendations" made within a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). The court "may also receive further evidence or recommit the matter to the magistrate judge with instructions." *Id.* The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* Portions of a magistrate judge's report to which no or "merely perfunctory" objections have been made are reviewed for clear error. *See Edwards v. Fischer,* 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17-CV-569 (RJS) (KNF), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). Clear error is present when "upon review of the entire record, [the court is] left with the definite and firm conviction that a mistake has been committed." *Brown v. Cunningham*, No. 14-CV-3515 (VEC) (MHD), 2015 WL 3536615, at *4 (S.D.N.Y. June 4, 2015) (citations omitted).

## II.    THE REPORT AND RECOMMENDATION IS FREE OF CLEAR ERROR

### A. Final Judgment

"The entry of a final judgment is generally appropriate 'only after all claims have been adjudicated.'" *Novick v. AXA Network, LLC,* 642 F.3d 304, 310 (2d Cir. 2011) (quoting *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 629 (2d Cir. 1991)). Rule 54(b), however, makes an exception for cases where "(1) there are multiple claims or parties, (2) at least one of the claims or the rights and liabilities of at least one party has been finally determined, and (3) 'there is no just

reason for delay.'" *Grand River Enters. Six Nations, Ltd. v. Pryor*, 425 F.3d 158, 164–65 (2d Cir. 2005) (citing Fed. R. Civ. P. 54(b)).

This Court agrees with the Report's well-reasoned analysis of the elements under Rule 54(b). The Report correctly noted that here, there are multiple claims against multiple parties. (Report at 2.) Moreover, the Report appropriately concluded that Plaintiff's claims against FIT and Davis have been finally determined because this Court dismissed all claims against FIT and Davis at summary judgment, and the Second Circuit affirmed. (*Id.*)

Finally, Magistrate Judge Netburn properly determined that Plaintiff has not presented any just reason to delay entry of final judgment. (*Id.*) Although the Second Circuit reinstated Plaintiff's retaliation claims against Barton, it held that "liability cannot be imputed to FIT" for those claims. (USCA Summary Order at 10.) Thus, no confusion would arise from entering a final judgment for FIT and Davis before resolution of the claims against Barton. Plaintiff also argues that delaying final judgment for FIT would allay financial hardship because if she prevails at trial against Barton, any damages she receives could help pay FIT's award of costs. (*See* Pl.'s Mem. of Law in Opp. to Defs.' Mot., ECF No. 126, at 5.) However, the Report correctly concluded that "whether [] Plaintiff wins that trial, and if so, whether a jury awards her damages, is too uncertain to justify" delaying entry of judgment. (Report at 3.) Finding no clear error in the Report's analysis, this Court grants entry of judgment in favor of FIT and Davis as recommended.

## B. Costs

Rule 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule 54(d)(1) "codifies a venerable presumption that prevailing parties are entitled to costs." *Carter v. Inc. Vill. of Ocean Beach*, 759 F.3d 159, 163 (2d Cir. 2014) (quoting

*Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013)). "For this reason, the losing party has the burden to show that costs should not be imposed." *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001).

The Report weighed the appropriate equitable considerations and determined that FIT is entitled to an award of $15,983.75[1] in costs. (Report at 6.) After properly concluding that FIT is a prevailing party, the Report determined that Plaintiff's financial situation does not rebut the presumption that FIT is entitled to costs. (Report at 4–5.) As the Report noted, "[a]lthough Plaintiff is a person of modest means, she is not indigent." (*Id.* (quoting *Burchette v. Abercrombie & Fitch Stores, Inc.*, No. 08-cv-8786 (RMB) (THK), 2010 WL 3720834, at *11–12 (S.D.N.Y. Sept. 22, 2010).) The Report explained that Plaintiff works a full-time job and takes home approximately $3,700 per month, with a pre-tax annual salary of approximately $93,000. (Decl. of Marjorie Phillips dated August 1, 2024 ("Phillips Decl."), ECF No. 160, ¶ 4; Affidavit of Dr. Cynthia Glass dated August 9, 2024, ECF No. 152-1, ¶ 9.) Furthermore, Plaintiff has nearly $500,000 in various savings and retirement accounts. (Phillips Decl. ¶¶ 6, 8–9.) Additionally, Plaintiff is represented by counsel and has never sought *in forma pauperis* status, further refuting her claim of indigency. *See Burchette*, 2010 WL 3720834, at *11–12. This Court agrees with the Report that neither Plaintiff's financial status, nor the disparity in wealth between Plaintiff and FIT justify denying costs.

Finally, the Report properly rejected Plaintiff's argument that even if this Court awards costs, it should lower the costs due to her financial situation. (Report at 6.) As noted in the Report,

---

[1] $15,983.75 represents the amount FIT paid to court reporters to stenograph depositions and prepare the corresponding transcripts during this litigation. (*See* Decl. of Tara E. Daub dated April 11, 2023, ECF No. 122.)

4

Plaintiff cites no authority to support this proposition. (*Id.*) Since the Report did not err, this Court awards $15,983.75 in costs to FIT.

## III.    CONCLUSION

Magistrate Judge Netburn's Report is **ADOPTED** in its entirety. FIT's motion for entry of final judgment and an award of costs in the amount of $15,983.75 is **GRANTED**. The Clerk of the Court is directed to prepare and enter a final judgment in favor of Defendants Fashion Institute of Technology and Mary Davis. The Clerk of Court is further directed to close the motion at ECF No. 123.

Dated: New York, New York
MAR 0 3 2025

SO ORDERED.

GEORGE B. DANIELS
United States District Judge